## WILLIAM MARX *vs.* THE PEOPLE.

The same rules must govern the examination of a prisoner on trial, when he avails himself of his privilege to become a witness, as apply to any other witness.

One of these rules is, that a party cannot, upon cross-examination of a witness for the adverse party, draw out collateral statements, not material to the issue on trial, and then contradict such statements. He is concluded by the answer of the witness.

Upon the trial of a prisoner, upon an indictment, he became a witness in his own behalf. On his cross-examination by the district attorney, he testified that he had not been convicted of burglary, before the alleged offence was committed. This question was then put to him : " I ask you again, specifically, were you not, on April 25, 1856, arraigned at the bar of this court, charged with the crime of burglary ; did you not confess your guilt, and were you not sentenced to three years in the State prison, for that offence ?" The prisoner answered, " I was not. No, sir." The district attorney offered to prove, by the records of the court, that a person by the name of the prisoner was convicted of felony. The court, although it decided that this was immaterial proof, unless it was connected, in some way, with the prisoner, admitted the evidence. The district attorney then stated the contents of a record which showed a conviction of a person of the same name as the prisoner, on the 25th of April, 1856, of burglary in the third degree. Subsequently the court rejected evidence to show that the prisoner was the person named in the record of conviction.

*Held*, that the above rule of evidence was violated, on the trial. That the record of conviction was inadmissible, even in connection with the testimony *aliunde*, that the prisoner was the person named in it; and it should have been rejected altogether.

*Held, also*, that it was impossible to say that the prisoner was not prejudiced by this evidence, or that the rejection of the evidence offered, to show the identity of the person named in the record, cured the error. That the record being in, the jury, in the absence of testimony on the subject, had a right to draw the inference of identity of person from the identity of name. And that the judge should have withdrawn the matter from the consideration of the jury, and have told them, distinctly, to disregard it.

Competent evidence cannot be rejected on the ground that it is inconclusive, or of little weight.

ERROR to the New York court of general sessions, to reverse a conviction for a felony.

*By the Court,* GILBERT, J. Upon the trial, the prisoner became a witness on his own behalf. On his cross-examination by the district attorney, he testified that he had

not been convicted of burglary, before the alleged offence
was committed.    At a later stage of his cross-examination,
this question was put to him : " I ask you again, specifi-
cally, were you not, on April 25, 1856, arraigned at the
bar of this court, charged with the crime of burglary ?
Did you not confess your guilt, and were you not sen-
tenced to three years in the State prison, for that offence ?"
The prisoner answered : " I was not.   No, sir."   The
case shows that afterwards the district attorney renewed
his motion to prove by the records of the court that a per-
son by the name of the defendant was convicted of felony ;
upon which the prisoner's counsel objected to the evi-
dence.    Thereupon the court decided : " This is imma-
terial proof, unless it is connected, in some way, with the
prisoner.   It is a preliminary offer upon an immaterial
matter, and it will be time for you (the prisoner's counsel)
to object when he (the district attorney) offers a witness
to prove a substantive matter."    To this decision the pris-
oner's counsel excepted.   The district attorney then stated
the contents of a record which showed a conviction of
William Marx, April 25, 1856, of burglary in the third
degree, a copy of which appears in the bill of exceptions.
Subsequently, the court rejected evidence offered to show
that the prisoner was the person named in the record of
conviction.

It is now conceded that the record of conviction was
inadmissible, even in connection with the testimony
*aliunde,* that the prisoner was the person named in it.
This is no doubt correct.   The same rules of evidence
must govern the examination of a prisoner, when he avails
himself of his privilege to become a witness, as apply to
any other witness.   One of these is, that a party cannot,
upon cross-examination of a witness for the adverse party,
draw out collateral statements, not material to the issue
on trial, and then contradict such statements.   He is con-
cluded by the answer of the witness.

Marx *v.* The People.

We think this rule was violated, in this case. Although the decision of the court was, that the evidence objected to was immaterial without further evidence connecting it with the prisoner, yet the evidence was admitted. It should have been rejected altogether. It is impossible to say that the prisoner was not prejudiced by it; or that the rejection of the evidence offered, to show the identity of the prisoner as the person named in the record, cured the error. The record was in, and in the absence of testimony on that subject the jury had the right to draw the inference of identity of person, from the identity of name.

The remarks of the judge, on this subject, in his charge to the jury, were too restricted to obviate the effect which must have been produced by the record. He should have withdrawn it from the consideration of the jury, and have told them, distinctly, to disregard it. Not having done so, the error remains.

We think, also, that the court erred in rejecting evidence of the nature of the disease which the prisoner had. Taken in connection with the prisoner's testimony, it was certainly competent. It may have been inconclusive, or of little weight, but competent evidence cannot be rejected on that ground.

For these reasons, the judgment below must be reversed, and a new trial must be granted to the prisoner.

[First Department, General Term, at New York, November, 4, 1872. *Ingraham, Leonard* and *Gilbert*, Justices.]