(26 App. Div. 445.)

## PEOPLE v. VAN TASSEL.

(Supreme Court, Appellate Division, Second Department. March 8, 1898.)

1. CRIMINAL LAW—RECEPTION OF EVIDENCE—ORDER OF PROOF.
   Where, in the absence of evidence sufficient to justify the conclusion that several persons, including the defendant, who were charged with the commission of a crime, acted from a common purpose and design to do the act constituting the offense, evidence of the acts and declarations of one of them was admitted at the trial of defendant, against his objection, but subsequently such sufficient evidence of a combination was supplied, *held*, that the question became one simply of order of proof, and that the error, if any, in admitting the earlier testimony, was cured by the later.

2. SUBORNATION OF PERJURY—EVIDENCE OF OTHER CRIMES.
   At the trial of defendant upon an indictment charging subornation of perjury in procuring one R. to testify falsely in a certain action, evidence was received of other attempts to induce other persons to testify falsely in the same action. The evidence received bore directly upon the subjects of motive and intent in the commission of the offense. The testimony had relation to the same transactions, and to the same purpose, to establish a fact in issue upon the trial, to which the testimony was material, and it was connected in point of time. *Held*, that the evidence was admissible.

3. CROSS-EXAMINATION—IMPEACHMENT.
   A witness may not be cross-examined respecting collateral questions, for the purpose of forming a basis for the impeachment of such statements by the testimony of other witnesses.

4. SUBORNATION OF PERJURY—EVIDENCE.
   Where defendant is charged with subornation of perjury, testimony given at his trial, on behalf of the people, by the person whom he procured to testify falsely, must, if corroborated, be submitted to the jury.

Appeal from Dutchess county court.

James Van Tassel was convicted of subornation of perjury, and appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William H. Wood, for appellant.

George Wood, Dist. Atty., for the People.

HATCH, J. The indictment charged the defendant and one Jacob Rieck with the crime of subornation of perjury, in that they procured George Roehle to testify falsely in a certain action pending in the supreme court. The defendant Van Tassel demanded to be tried separately, and was so tried. The indictment charged the combination between the parties, and upon the trial proof was given tending to sustain its allegations. The evidence is abundantly sufficient to warrant the verdict which was rendered, and it only remains for us to determine whether any errors were committed upon the trial which were prejudicial to the defendant.

The people offered evidence, under the objection and exception of the defendants, tending to show the several acts of the defendants, and the acts and declarations of one in the absence of the other. It is conceded that such evidence is not proper, unless there be evidence sufficient to justify the conclusion that the persons charged acted from a common purpose and design to do the act constituting the offense. When the witness Roehle was called, it is quite doubtful whether evidence of the combination between the two defendants had been given which was legally sufficient to establish the combination, and authorize the reception of the evidence of the declarations of Rieck in the absence of Van Tassel. We may assume that the evidence was not so sufficient; but it was subsequently supplied by other evidence, and the testimony of the defendant, and the letter written under his direction to Rieck, was sufficient for that purpose. The error, if error it was, was therefore cured, and the question became one simply of order of proof, and the defendant does not appear to have been prejudiced thereby. The combination having been established, Roehle's evidence, as well as that which followed upon this subject, became admissible. People v. Bassford, 3 N. Y. Cr. R. 219; People v. McKane, 143 N. Y. 455, 38 N. E. 950.

The evidence which was received of other attempts made to induce other persons to testify falsely upon the trial became competent, in view of all the circumstances. Motive and intent were elements in the commission of the offense, and the evidence received bore directly upon these subjects. The testimony had relation to the same transaction, i. e. to give testimony upon the trial. It had relation to the same purpose, i. e. to establish that two persons were seen to pull the defendant out of the trench into which he claimed to have fallen, which fact furnished one of the issues upon the trial, and the testimony was material thereto. It was connected in point of time, as the efforts of the parties were practically continuous from the formation of the combination up to the time when the trial was had and

Roehle was sworn. These facts answer the requirements which the law imposes, and made the testimony admissible. People v. Peckens, 153 N. Y. 576, 47 N. E. 883; People v. Zucker, 20 App. Div. 363, 46 N. Y. Supp. 766, affirmed in the court of appeals.

No error was committed in excluding the testimony of Mrs. Baker, respecting the declarations claimed to have been made to her by the witness Hire. The evidence which this offer sought to contradict was drawn out upon cross-examination, and related to a matter collateral to the subject under investigation. It is a familiar rule of evidence that a witness may not be examined respecting collateral questions for the purpose of forming a basis for the impeachment of such statements by the testimony of other witnesses.

This view also disposes of the refusal to receive the defendant's testimony as to conversation with Hire upon a matter quite similar; and we may add, in this connection, that the defendant testified fully respecting his relations with Hire, and covered every material element in the case, so far as Hire was connected with it. The testimony of Roehle was corroborated by direct evidence and by circumstances. It therefore became the duty of the court to submit it to the jury. People v. Evans, 40 N. Y. 1.

These are all the questions which are urged upon our attention, and, as we find no error in them, the judgment of conviction should be affirmed. All concur.