## Court of Appeals.

### Oct. 4, 1898.

### PEOPLE v. JAMES VAN TASSEL.

1. EVIDENCE—SUBORNATION OF PERJURY.

   It is not error to permit the people to show that during the period when defendant is alleged to have been searching for witnesses, he and his agent made the effort to induce others, than those who subsequently took the stand, to swear falsely.

2. SAME—CONSPIRACY.

   Where there is sufficient evidence to justify the conclusion that different persons charged with a crime were acting with a common purpose

and design, although it does not appear there has been a previous combination or confederacy to commit the particular offense, the acts and declarations of each, from the commencement of the consummation of the offense, are evidence against the others.

3. SAME.

A conspiracy may be proved by circumstantial evidence, and parties performing disconnected overt acts, all contributing to the same result, may, by the circumstances and their general connection or otherwise, be satisfactorily shown to be confederators in the commission of the offense.

4. SAME—ANOTHER CRIME.

Evidence of other transactions, otherwise material or relevant, is not inadmissible merely because it tends to prove another crime.

5. WITNESSES—IMPEACHMENT.

Evidence, as a basis for impeachment, must be material or relate to a fact brought out by adverse counsel.

APPEAL from a judgment of the appellate division affirming a judgment, convicting defendant of subornation of perjury.

Wm. H. Wood, for the People.

George Wood, for respondent.

BARTLETT, J.—In 1895 the defendant brought an action to recover damages for personal injuries which he claimed to have sustained by falling into an excavation in Main street, in the city of Poughkeepsie. The trial resulted in a verdict for the city. The defendant was unable to produce any witnesses in that action who saw the alleged accident. He afterwards brought an action against Adriance & Son, the contractors who had charge of the work in Main street, and upon that trial he produced two witnesses, Roehle and Hannigan, who swore that they helped lift him out of the excavation into which he had fallen. The jury found for the defendants.

As the circumstances attending this trial were suspicious, investigation was had, and this defendant and Jacob Rieck were arrested on a charge of subornation of perjury in procuring one Roehle to swear falsely. The latter was arrested on a charge of perjury, but he turned state's evidence, and was not prosecuted. The defendant and Rieck elected to be tried separately, were

convicted, and are now serving sentences in state's prison. The appellate division of the second department, in affirming this conviction, held the evidence abundantly sufficient to warrant the verdict which was rendered, and confined its investigations to legal errors alleged to have been committed upon the trial. A perusal of the record discloses a sharp conflict in the evidence. The questions of fact were for the jury, and the verdict is final unless reversible error is found.

The first point made by the appellant is that, as Roehle stood confessed as a willful, deliberate prejurer, his testimony was to be wholly disregarded. While it is doubtful whether this point is properly raised, yet it appears the trial judge, of his own motion, said to the jury that this witness was a self-confessed perjurer, and that they might give his testimony such credit as they found it deserved, and they could be aided by the surrounding circumstances of corroboration. There was no exception to this portion of the charge, and the defendant has no reason to complain of these instructions to the jury.

It is next insisted that it was error to permit the people to show that during the period when defendant is alleged to have been searching for witnesses, he and his agent made the effort to induce others to swear falsely than those who subsequently took the stand ; also that it was error to admit evidence of various transactions and declarations within the same period of time, when defendant was not present. It is well settled that where there is sufficient evidence to justify the conclusion that different persons charged with a crime were acting with a common purpose and design, although it does not appear there has been a previous combination of confederacy to commit the particular offense, yet the acts and declarations of each, from the commencement to the consummation of the offense, are evidence against the others. A conspiracy may be proved by circumstantial evidence, and parties performing disconnected overt acts, all contributing to the same result, may, by the circumstances and their general connection or otherwise, be satisfactorily shown to be confederators in the commission of the offense. Kelley v. People, 55 N. Y. 565 ; People v. Bassford, 3 N. Y. Cr. R. 219 ; People v. Murphy, Id. 338 ; Adams v. People, 9 Hun,

89; People v. McKane, 143 N. Y. 455, 38 N. E. 950; People v. Peckens, 153 N. Y. 576, 47 N. E. 883. Evidence of other transactions, otherwise material or relevant, is not inadmissible merely because it tends to prove another crime. People v. Peckens, 153 N. Y. 576, 47 N. E. 883; Mayer v. People, 80 N. Y. 376; People v. Greenwall, 108 N. Y. 296, 15 N. E 404; People v. Shea, 147 N. Y. 79, 41 N. E. 505; People v. McKane, 143 N. Y. 455, 38 N. E. 950; People v. Murphy, 135 N. Y. 450, 32 N. E. 138; Hope v. People, 83 N. Y. 418.

On cross-examination of some of the people's witnesses, defendant's counsel sought to examine them in relation to collateral matters, evidently as a basis for impeachment, but the evidence was objected to and excluded. Such evidence must be material or relate to a fact brought out by adverse counsel. Carpenter v. Ward, 30 N. Y. 243; Plato v. Reynolds, 27 N. Y. 586; Stokes v. People, 53 N. Y. 164.

There are several other points, involving the order of proof and the admission and rejection of evidence, which we will not refer to at length; they have been carefully considered, and present no error. The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.