PEOPLE v. TOLEDO.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. JURY (§ 110*)—RIGHT TO JURY TRIAL—WAIVER OF OBJECTIONS.

In a prosecution for a felony, where one juror became ill after the evidence was all in, thus causing a mistrial, and accused and his attorney consented to a new trial before a second jury composed of one new juror and the eleven old ones, to whom the entire testimony was read, a conviction by that jury was valid; for while one accused of a felony cannot be legally tried upon an indictment except by a jury of twelve men, and a conviction of any less number is invalid, though defendant agrees to waive his rights, yet accused, though entitled to a jury of twelve new men, had the right to waive objection to the eleven old jurors.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 502–513, 515–523; Dec. Dig. § 110.*]

2. CRIMINAL LAW (§ 662*)—TRIAL—PRODUCTION OF EVIDENCE.

In a prosecution for a felony, where one juror became ill after the evidence was all in, thus causing a mistrial, and accused and his attorney consented to a new trial before a second jury composed of one new juror and the eleven old ones, accused is entitled to have all of the witnesses produced before the jury, though his consent to the reading of their testimony as taken in the former trial is a waiver of his rights.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3, 1538–1548; Dec. Dig. § 662.*]

3. CRIMINAL LAW (§ 372*)—EVIDENCE—OTHER OFFENSE.

In a prosecution for subornation of perjury, where defendant was accused of suborning only one witness, evidence that in furtherance of his plans he suborned another witness is admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 833, 834; Dec. Dig. § 372.*]

4. CRIMINAL LAW (§ 1056*)—GROUNDS FOR REVIEW—GROUNDS FOR PRESENTATION IN COURT BELOW.

In a prosecution for subornation of perjury, where the court through inadvertence stated that the indictment charged accused with suborning two witnesses, when the indictment only charged him with suborning one, accused, who did not except to the charge, cannot raise the objection on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2668, 2670; Dec. Dig. § 1056.*]

Appeal from Court of General Sessions, New York County.

Rafael Toledo was convicted of subornation of perjury, and appeals. Affirmed.

See, also, 72 Misc. Rep. 635, 130 N. Y. Supp. 440.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

William S. Bennet, of New York City, for appellant.
Robert C. Taylor, of New York City, for the People.

McLAUGHLIN, J.   The defendant appeals from a judgment convicting him of the crime of subornation of perjury, for which he was sentenced to a term of imprisonment for not less than two years and six months, nor more than six years and six months.   The indictment charged that he induced one Morse to commit perjury at a previous trial of the defendant, where he was convicted of the crime of petty larceny.   On that trial the defendant was charged with having stolen from a department store in the city of New York certain articles of jewelry which were found in his possession at the time of his arrest.   Morse was there sworn as a witness for the defendant, and testified that the jewelry in question had not been stolen, but that he delivered the same to the defendant at the request of a purchaser who desired to have it exchanged for something else at the store where the purchase was made.   Another witness, one Owen, testified that he saw Morse deliver the jewelry to the defendant.   At the trial which resulted in the judgment of conviction appealed from, Morse and Owens testified that the testimony given by them on the trial for petty larceny was false; that they had never in fact met the defendant until after his arrest for the theft; had never seen the jewelry until that trial; that they were induced to testify as they did by the defendant; and that after his arrest for the theft, and before his trial, he promised, if they would testify as they did, he would give each of them 10 per cent. of any amount which he might recover in an action which he contemplated bringing against the owners of the store to recover damages for false arrest.   Morse and Owens were corroborated as to their perjury by the testimony of two of the employés of the store, who testified they saw the defendant steal the articles, and also by other witnesses as to defendant's false statement regarding the receipt of a letter requesting him to make the exchange.

[1]  The principal ground upon which the defendant asks for a reversal of the judgment of conviction is that he "was not convicted under due process of law"; that is, he was not given a jury trial as guaranteed to him by the Constitution of the state of New York.   The trial was commenced before a regularly impaneled jury of 12 men, and after all of the evidence was in on both sides, and both parties had rested, an adjournment was taken for several days on account of the illness of one of the jurors.   On the adjourned day, it appearing that the juror was still ill and would be unable to take his place on the jury for a considerable period of time, the district attorney and counsel for defendant agreed, in open court, that the proceedings should be declared a mistrial; that a twelfth juror should be selected, who, with the 11 others, should be sworn as the jury in the case, and, when thus selected and sworn, the entire testimony previously taken should be read to them.   The defendant was asked by the court if

he agreed to that arrangement, and answered that he did. After the jury of 12 men had thus been selected and sworn, the entire testimony was read to them, the direct examination of the people's witnesses by the district attorney and their cross-examination by defendant's counsel, and the direct examination of defendant's witnesses by defendant's counsel and the cross-examination by the district attorney. Without taking any further evidence, both sides rested. After the respective counsel had summed up, the court charged the jury. No objection was made to the method of procedure at any time until after the jury rendered a verdict of guilty.

Defendant's counsel urges that the trial was, in effect, before 11 jurors only, and for that reason the conviction is invalid. It is undoubtedly true that one cannot be legally tried upon an indictment except by a jury of 12 men, and that a conviction based upon a verdict of any less number is invalid, even though defendant expressly agreed to waive his right to a jury of 12. Cancemi v. People, 18 N. Y. 128; Pierson v. People, 79 N. Y. 424, 35 Am. Rep. 524; People v. Thorn, 156 N. Y. 286, 50 N. E. 947, 42 L. R. A. 368; People v. Cosmos, 98 N. E. 408, decided by the Court of Appeals March 26, 1912, not yet officially reported.

It is urged that Cancemi v. People, supra, requires a reversal of the judgment of conviction, but that case is clearly distinguishable. There the defendant, on trial for murder, consented to the withdrawal of a juror and to a continuance with the remaining 11. It was held that 11 men do not constitute such a jury as is guaranteed by the Constitution, and defendant could not consent to be tried by 11 men any more than he could consent to be tried by 2 or 3. In the present case the jury consisted of 12 men. Undoubtedly the defendant could have insisted on having 12 new men on the second jury. This he did not do, but both himself and counsel agreed in open court to accept as 11 jurors those who had been on the previous jury. Defendant could waive his right to object to these jurors, and, having done so, could not thereafter be heard to say they were not competent to act. In People v. Cosmos, supra, defendant was convicted of the crime of murder in the first degree. The conviction was sought to be set aside on the ground that one of the jurors who had been accepted without challenge did not have the property qualifications required by statute. It was held that the conviction was proper, the court saying:

"A known cause of challenge is always waived by withholding it and raising it as an objection after verdict, since such a practice is incompatible with the good faith and dealing which should characterize the administration of justice."

[2] The defendant undoubtedly could have insisted that the witnesses themselves be produced on the second trial instead of having the testimony given on the first trial read. He not only made no objection to the reading of the testimony, but expressly consented to it, and, after the rendition of the verdict, he cannot be heard to object on this ground. People v. Guidici, 100 N. Y. 503, 3 N. E. 493; Webster v. People, 92 N. Y. 422.

[3] It is also urged that the judgment should be reversed on account of an error in the charge. The court, in submitting the case to the jury, stated that the indictment charged the defendant with procuring both the witnesses Morse and Owens to testify falsely. The indictment only charged the subornation of Morse, and the court was in error in stating that it also included Owens. Considerable evidence was offered as to the subornation of Owens, as tending to prove the subornation of Morse. This was proper because it was evidence of a similar act, done with the same purpose, and in furtherance of the same design. People v. Van Tassel, 26 App. Div. 445, 50 N. Y. Supp. 53, affirmed 156 N. Y. 561, 51 N. E. 274; People v. McKane, 143 N. Y. 455, 38 N. E. 950. But the defendant's guilt as to Owens was not an issue.

[4] The defendant, however, made no objection to this portion of the charge, and the error was not called to the court's attention. It was manifestly an inadvertence, and undoubtedly would have been corrected had defendant mentioned it, and, when considered in connection with the rest of the charge, could not possibly have injured the defendant. Not having taken an exception to the charge in this respect, he is not now in a position to avail himself of the alleged error. People v. Huson, 187 N. Y. 97, 79 N. E. 835; People v. Darragh, 141 App. Div. 408, 126 N. Y. Supp. 522, affirmed 203 N. Y. 527, 96 N. E. 1124.

My conclusion, therefore, is that the defendant had a fair trial before a lawfully constituted jury, that the evidence justified his conviction, and there are no errors which require reversal.

The judgment of conviction appealed from, therefore, is affirmed. All concur.