## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### May 21, 1924.

## THE PEOPLE v. ADAM KASPRZYK.

(209 App. Div. 449.)

(1) MURDER—SECOND DEGREE—DEFENSE OF SELF-DEFENSE.

The conviction of the defendant of murder in the second degree, he having interposed the defense that he committed the act in self-defense, is affirmed.

(2) SAME—DEFENDANT ADMITTED PRIOR CONVICTION OF UNLAWFUL POSSESSION OF REVOLVER.

An objection by the defendant to certain evidence introduced in rebuttal by the prosecution in relation to another crime of which the defendant admitted conviction, was not properly made, since it did not call attention of the court to the reason why the evidence was incompetent.

(3) SAME—EVIDENCE IN REBUTTAL OF FACTS RELATING TO SAID CONVICTION NOR PROPERLY OBJECTED TO.

The defendant having admitted on cross-examination that he had been convicted of a violation of section 1897 of the Penal Law for having a revolver unlawfully in his possession, and having been examined as to certain trouble which preceded the discovery of his possession of the revolver, it was error for the court to admit evidence by the prosecution in rebuttal as to the facts relating to that conviction and the circumstances under which the revolver was discovered to be in the defendant's possession, but inasmuch as the rebuttal evidence was distinctly favorable to the defendant, the error is a harmless one and does not call for a reversal of the judgment.

SEARS, J., and HUBBS, P. J., dissent, with opinion.

APPEAL by the defendant, Adam Kasprzyk, from a judgment of the county court of the county of Erie, rendered against him on the 22d day of March, 1923, convicting him of the crime of murder, second degree.

*John V. Maloney,* for the appellant.

*Guy B. Moore, District Attorney (W. Bartlett Sumner, Assistant District Attorney, of counsel), for the respondent.*

DAVIS, J.:

The defendant was indicted for the crime of murder, second degree, for casuing the death of Valentine Czehowski in the city of Buffalo, June 12, 1922. He has been found guilty by a jury of the crime charged.

There was a "christening party" that night at the home of a family by the name of Nowakowski who lived in the neighborhood where defendant and his family resided. Some of the young people in the neighborhood attended but defendant was not invited and did not attend. When the party broke up about midnight, June eleventh, a young lady to whom the defendant had been attentive, accompanied by a Nowakowski girl, started for her home a short distance away which was near the home of the defendant. The latter and his brother met these young ladies on the street. He spoke to them in abusive and threatening language and the young ladies retired toward the Nowakowski home where they were joined by Mrs. Nowakowski. Czehowski (sometimes called "Dixie") came along. Whether he took up the cause of the insulted young women does not appear, but he went to where defendant and his brother were standing and an altercation followed. There is evidence that either Dixie or defendant or both had clubs in their hands. No one seems to have been injured, but defendant and his brother turned and ran a short distance to their home with Dixie and perhaps one other following.

It is conceded that defendant there shot Dixie with a shotgun and that he died shortly thereafter. It is contended on the part of the prosecution that this shooting was unjustified. The defendant claims he shot because Dixie and an alleged companion were assaulting his mother who had gone to the door and into the yard when the intruders appeared and because he had fears for his own safety as Dixie advanced

upon him, and shot in self-defense. There is evidence on the part of the prosecution that defendant's mother was not in the yard or being assaulted at the time and that the wound received by the deceased was inflicted at a greater distance from the muzzle of the gun than defendant claims. It is argued from this fact that the defendant was not apprehensive of danger and fired not in self-defense but wantonly.

There was presented under the evidence a fair question of fact for the jury to decide. Where there is conflicting evidence and the jury must determine which of two sets of witnesses they will believe and they have reached a conclusion, their verdict will not be set aside unless the evidence is such as to indicate some misunderstanding by them of the questions involved or of the importance or bearing of particular facts. (People v. Ferrara, 199 N. Y. 414.)

There were, as there always must be in such cases, some errors committed on the trial. Such errors, unless harmful and affecting a substantial right, may not furnish ground for a new trial. (Code Crim. Proc. § 542.) Defendant's counsel complains regarding the cross-examination permitted of defendant and his witnesses on collateral matters and in other respects. We think the court was within the limits confided to his discretion and administrative duties in conducting the trial. We are of the opinion, too, that in the main the charge fairly presented the issues to the jury and the rules of law applicable thereto.

Counsel for defendant argues that reversible error was committed when the assistant district attorney called the probation officer, Mahoney, to contradict defendant on a collateral matter developed on cross-examination of the latter. Defendant had a criminal record. One crime for which he was convicted in June, 1920, was for violation of section 1897 of the Penal Law for having possession of a revolver. On cross-examination counsel asked him if that trouble happened while he was in a crap game and if he did not go across the street and fire

the revolver into a crowd of fellows. This defendant denied, but admitted that after denying that he had a revolver to the policeman who came to the house, he went to the court, pleaded guilty, and delivered up the revolver. On rebuttal the probation officer was sworn to explain the facts relative to firing the revolver and the admissions of the defendant concerning the incident. The objection made on the part of the defendant did not clearly call to the attention of the court the reason why such evidence was incompetent. That fact might be disregarded here were the evidence harmful.

The evidence sought was clearly incompetent. A party who takes the stand in his own defense must submit to examination as to any vicious or criminal act of his life. (People v. Webster, 139 N. Y. 73.) For the purpose of impeaching him or attacking his credibility, he may be examined as to matters collateral to the issue, but, except as to prior convictions, counsel is bound by his answers on these collateral issues and his evidence thereon is conclusive and cannot be contradicted. This rule applies both in civil and criminal cases. (Furst v. Second Ave. R. R. Co., 72 N. Y. 542; People v. Van Tassel, 26 App. Div. 445; affd., 156 N. Y. 561; People v. DeGarmo, 179 id. 130; Marx v. People, 63 Barb. 618.)

The admission of this evidence was, therefore, technically, at least, error. We do not regard it harmful for this reason: The story told by the probation officer was, under the circumstances, distinctly favorable to defendant. He says his information was, that on the occasion from which the conviction arose the defendant was attacked by a crowd of rough fellows near his home; that another boy with him was assaulted and they tried to beat him up; that he ran to his home and got the gun, came back and they chased him again and he fired a shot into the ground and not at anybody.

The witness said further that defendant upon his inquiry told him the gun was at home and at the request of witness

delivered it to him; that there was no evidence against him except what was furnished by the defendant; that on the plea of guilty he recommended that defendant be not punished, but put on probation, which was done; that he was a good probationer and was eventually discharged after reporting regularly.

This would seem an explanation favorable to defendant of the crime referred to on his cross-examination where he admitted conviction. We do not regard the error harmful in respect to its affecting a substantial right of defendant and it may, therefore, be disregarded. (Code Crim. Proc. § 542.)

In view of the fact that defendant admitted killing Czehowski and that his claim of self-defense has been passed on adversely by the jury, we think the judgment of conviction should be affirmed.

All concur, except HUBBS, P. J., and SEARS, J., who dissent in an opinion by SEARS, J.

SEARS, J. (dissenting):

While the evidence in this case was sufficient to warrant a conviction as charged in the indictment, the questions of fact presented to the jury were not free from doubt. The case seems particularly close as between murder, second degree, and manslaughter, first degree. Under such circumstances it is peculiarly important that incompetent evidence, prejudicial to the defendant, should not have been received and that the jury should have been accurately instructed.

On cross-examination the defendant was interrogated as to a conviction on or about May 30, 1920, for carrying a concealed weapon. He admitted the conviction. The record then contains the following questions and answers: " Q. * * * ; now that trouble that happened was that you were in a crap game at the corner of Ashley and Krupp street —

A. I was not in any crap game. * * * Q. And you had an argument with a bunch of fellows; you went across the street and fired into the crowd of fellows, with this revolver — * * * A. I got witnesses here to testify I wasn't in that crap game. * * * Q. You fired into that bunch of fellows with that revolver that were shooting craps? A. No, sir. * * * Q. You didn't know any of those fellows you fired that revolver at, did you? A. I didn't fire any revolver at anybody." This was proper cross-examination as the district attorney was entitled to inquire as to any vicious or criminal act in the defendant's life. (People v. Webster, 139 N. Y. 73.)

On the rebuttal, however, the People swore a probation officer in respect to this occurrence and the record of his examination is in part as follows: " Q. Now will you tell us if he [the defendant] told you anything about firing that revolver at that time, and the circumstances under which it was given? [Defendant's Counsel]: Just a minute, I object to that upon the ground that that is incompetent, irrelevant and immaterial at this time. The Court: Overruled. [Defendant's Counsel]: Exception." After this the witness said: " The defendant told me he was on his way to church that Sunday of May thirty-first, and he was attacked by a crowd of rough fellows on Peck street, near his home and that one other boy that was with him was assaulted and they tried to beat up this boy; he ran back to the house and got his gun, came back and they chased him again, and that they chased him as far as Krupp and Ashley street and he turned around and fired a shot." This evidence was clearly incompetent. (People v. DeGarmo, 179 N. Y. 130; People v. Greenwall, 108 id. 296; People v. Sharp, 107 id. 427; People v. Grutz, 212 id. 72; Wigm. Ev. § 1003 et seq.) The error becomes more glaring in view of what occurred on the summing up of the district attorney where, in spite of the objection of defendant's counsel, the court refused to confine the

use of this evidence to the question of the credibility of the
defendant as a witness. · It is apparent that the district attor-
ney in introducing this evidence and in using it in his argu-
ment to the jury deemed it effective against the defendant
and I am unable to agree with the majority in holding it
merely technical.

The defendant's counsel requested the court to charge as
follows: "I ask your Honor to charge the jury that the
burden is upon the People to prove beyond a reasonable doubt
* * * that the defendant did not believe that they were
in imminent danger of great bodily harm at the time they
fired that gun at the defendant [evidently meaning the
deceased]. The Court: No, I think I'll let the charge stand
as it is. [Defendant's Counsel]: Give me an exception."
The request (with the obvious verbal error corrected) properly
embodied the rule as to the burden of proof and should have
been granted unless previously covered in the charge. (People
v. Stern, 201 App. Div. 687; People v. Riordan, 117 N. Y.
71.) In the main charge the learned court instructed the
jury in these words: "Now it is your duty to take this case;
view it in the light of the evidence that has been presented,
and if the evidence convinces you beyond a reasonable doubt as
reasonable and fair minded men, beyond a reasonable doubt
as I have defined it to you, that this defendant killed Dixie and
that he shot at him with an intent to kill him, and that he was
not in imminent danger of irreparable injury to himself and
his mother, then your verdict should be guilty of murder in
the second degree, as charged in the indictment." But, almost
immediately afterwards, the court restated this proposition in
such a way as to imply that the burden of proving the imminent
danger was on the defendant, in these words: "And, if on
the other hand the evidence of the People fails to satisfy your
mind on either of those two crimes, and you are satisfied that
the defendant was in real and actual and imminent danger,

and that he only did what was necessary to protect himself, under the cases your verdict should be not guilty."

Previously in the charge the court had also stated the proposition in such a way as to leave the impression that the burden of proving self-defense was upon the defendant: "He has not any right to attack for the purpose of self-defense until he has done everything in his power to avoid its necessity. He must show that there was some reasonable ground for the belief that he was in great peril and that no other safe means of escape was open to him."

Under these circumstances, it was error to decline to charge definitely that the burden of proving that the defendant did not believe that he was in imminent danger of serious bodily injury at the time he fired the gun was with the People.

For these reasons, in my opinion, the judgment of conviction should be reversed and a new trial granted.

HUBBS, P. J., concurs.

Judgment of conviction affirmed.