THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN
DIETZ, Appellant.

Fourth Department, March 10, 1926.

Crimes — burglary, third degree, and grand larceny, second degree —
evidence — defendant charged with stealing barrel of whisky from
freight car — defendant denied on cross-examination that he had about
six months before alleged crime sold intoxicating liquors illegally —
error to admit evidence that defendant had sold intoxicating liquors
illegally.

On the prosecution for burglary in the third degree and grand larceny in the
second degree based on the alleged stealing by the defendant of a barrel of
whisky from a freight car, it was error after defendant had denied on cross-
examination that he had about six months prior to the alleged crime sold intoxi-
cating liquors illegally, for the court to admit evidence on the part of the
prosecution that the defendant had sold intoxicating liquors illegally; the
prosecution was bound by the answer of the defendant and could not disprove
its truthfulness. The evidence was not admissible as bearing upon defendant's
motive and intent.

DAVIS, J., dissents, with opinion.

APPEAL by the defendant, John Dietz, from a judgment of the
County Court of Ontario county, rendered on the 19th day of
March, 1925, convicting him of the crime of burglary, third degree,
and grand larceny, second degree, and sentencing him to a term
of imprisonment in the Auburn State Prison of not less than two
years and four months and not more than five years.

*James C. D'Aprile* [*Charles E. Callahan* of counsel], for the
appellant.

*Nathan D. Lapham, District Attorney*, for the respondent.

SEARS, J. The crime of which the defendant has been con-
victed consisted of breaking into a New York Central freight car
at Canandaigua on December 15, 1924, and taking from the car
a barrel of whisky. Reversal is urged by the defendant on the
grounds that guilt is not established and that in any event there
is no evidence other than that of accomplices tending to connect
the defendant with the commission of the crime, and that the
court erred in receiving certain evidence. A careful perusal of the
entire case leads to the conclusion that there was sufficient proof
to warrant the jury in finding as they did, and the judgment
would be affirmed were it not for a serious error in the reception
of evidence.

The defendant was interrogated by the district attorney when
sworn as a witness on his own behalf as to whether in the month

of May or June, 1924, *i. e.*, six months before the stealing of the whisky, he had not publicly sold whisky on the streets of Geneseo to various persons, among others to one James M. Dwyer. This the defendant denied. He was also asked whether he did not sell liquor, whisky, at his own residence in Canandaigua in September, 1924. This he denied. He was asked whether in August and September he was not engaged in the business of making up concoctions of liquor in the cellar of his house, and this he also denied.

After the defendant had closed his case the People called James M. Dwyer as a witness in rebuttal, and over the objection and exception of the defendant were permitted to show by this witness that in the month of May or June, 1924, the defendant offered to the witness and actually sold to him for the sum of five dollars a bottle of whisky on the public streets in the village of Geneseo. The trial judge evidently received the testimony as impeaching the credibility of the defendant as a witness. After the court's charge to the jury, the following occurred: " [Defendant's counsel]: I also ask the Court to charge the jury that the evidence of the alleged sale of whisky to Dwyer is no evidence of the commission of the crime charged. The Court: Oh, yes, gentlemen, that is true. I intended to so charge you, but it escaped my attention. District Attorney: I think in view of the request of counsel, your Honor should charge in what way. The Court: It only affects his credibility as a witness and was admitted solely for that purpose." The matter was collateral. The evidence was not admissible to affect the credibility of the witness. (*People* v. *DeGarmo*, 179 N. Y. 130; *People* v. *Greenwall*, 108 id. 296; *People* v. *Grutz*, 212 id. 72; *People* v. *Van Tassel*, 26 App. Div. 445; affd., 156 N. Y. 561.) It is urged on behalf of the People, however, that the reception of the evidence is justifiable as bearing upon defendant's motive and intent, as part of a common scheme or plan with the crime charged in the indictment, and as tending to establish the identity of the defendant as the person who burglarized the car. (*People* v. *Molineux*, 168 N. Y. 264.) The evidence, however, was of a single sporadic sale six months before the commission of the crime and the case is barren of proof that the defendant was engaged in the prohibited traffic between that date and the date when the burglary occurred. None of the grounds suggested in the People's brief in justification is applicable. Such reasons might in a proper case justify proof of the commission of another crime, but such proof must reasonably tend to establish motive, intent, common plan or identity, which this evidence does not. The transaction is too remote. The error cannot be overlooked

as unsubstantial or lacking in prejudice as was a somewhat similar error in *People* v. *Kasprzyk* (209 App. Div. 449; affd., 238 N. Y. 633). There the evidence erroneously received was held to be innocuous because found " distinctly favorable to the defendant." When the use made of the evidence under discussion by the district attorney in his summation is considered, the damaging character of this incompetent evidence is emphasized. A substantial right of the defendant to a trial free from harmful error was violated by the reception of this evidence. (Code Crim. Proc. §§ 527, 542.)

The judgment of conviction should be reversed and a new trial ordered.

HUBBS, P. J., CLARK and CROUCH, JJ., concur; DAVIS, J., dissents in an opinion and votes for affirmance.

DAVIS, J. (dissenting). No one disputes that on December 15, 1924, a freight car in the yard of the New York Central at Canandaigua was broken into and a barrel of whisky stolen therefrom. In fact, several who participated in this act have admitted it. No one reading the record can entertain any sincere doubt that the defendant is guilty of the crimes charged against him in that connection, to wit, burglary in the third degree and grand larceny in the second degree. We are urged to reverse this conviction and grant a new trial because of alleged errors committed on the trial. We may order a new trial if we are satisfied that the verdict was against the weight of evidence or against the law, or that justice requires it. (Code Crim. Proc. § 527.)

Section 542 of the Code of Criminal Procedure, like sections 285 and 684, was enacted by the Legislature to bring to an end former unwholesome policies connected with criminal prosecutions which permitted convicted persons to escape punishment for their crimes through technical errors. As this court said in *People* v. *Kerns* (7 App. Div. 535, 540) this section " commands the court not to reverse a conviction unless the substantial rights of the defendant have been infringed."

There is but one alleged error considered of sufficient importance to require discussion. When the defendant was on the stand the district attorney established by cross-examination that he had abandoned his regular employment as a railroad fireman some time previous to the burglary, and then interrogated him concerning his acts in trafficking in liquor during the months of May and June preceding the larceny. The defendant denied selling liquor at that time generally and to a particular person named by the district attorney. The purpose of this evidence apparently was to establish that the defendant was engaged in illicit traffic,

and that having no legitimate source of supply he was more readily inclined to take advantage of a favorable opportunity to obtain liquor for further traffic. The evidence might bear upon his intent, motive and general plan or scheme, and, therefore, be competent. (*People* v. *Thau,* 219 N. Y. 39; *People* v. *Duffy,* 212 id. 57; *People* v. *Harris,* 136 id. 423.)

A single instance somewhat remote from the time of burglary might be entitled to little weight, but under the circumstances it was within the discretion of the trial judge to admit it. The evidence also might have been competent as bearing upon the credibility of the witness as a " vicious or criminal act of his life." (*People* v. *Webster,* 139 N. Y. 73.) The witness might claim his privilege or he might deny it.

If the evidence was competent as furnishing a motive or intent, or as establishing a common scheme or plan for engaging in the traffic in liquors, then the district attorney was not bound by his answer and could make independent proof of the facts, and the order of this proof was within the discretion of the trial court. (*People* v. *Koerner,* 154 N. Y. 355, 368.)

Testimony was given by the witness Dwyer to the effect that the defendant did sell him liquor in the preceding May.

In his charge, at the request of defendant's counsel, the learned county judge limited this evidence to its effect on the credibility of the defendant as a witness. This limitation was favorable to the defendant. Of course, had that been the only purpose of the cross-examination of defendant, the district attorney was bound by his answers and could not contradict him as to these collateral issues.

Assuming then that the purpose of the inquiry was only to discredit the defendant as a witness, the testimony of Dwyer was technically incompetent and its admission error. Was it such an error that it affected the substantial rights of the defendant whose guilt was otherwise well established?

Where there is no doubt of the guilt of the defendant, such errors in the admission or exclusion of evidence are not regarded by the courts as affecting his substantial rights.

In *People* v. *Wayman* (128 N. Y. 585) where a letter dealing with a collateral circumstance was improperly admitted, the court says (p. 588): " In view of these circumstances and the strength of the case against the defendants, we think the erroneous admission of Swartz's evidence, as to the contents of the letter, had no important effect upon the result of the trial, and authorizes us to decline to grant a new trial under the provisions of section 542 of the Code of Criminal Procedure for this reason."

In *People* v. *Coombs* (158 N. Y. 532) certain books of the bank containing the defendant's account were put in evidence by the district attorney over objection and exception. The court says (p. 540): " The learned court below concedes that this piece of testimony was technically inadmissible, and we will assume that it was. It is difficult, however, to see what effect it could have had upon the case one way or the other. \* \* \* The books of the bank could have added nothing to the force or effect of this proof, and it is impossible to conceive how the defendant could have been prejudiced by the evidence. The ruling, therefore, whether right or wrong, comes fairly within the provisions of section five hundred and forty-two of the Code of Criminal Procedure, which requires us to disregard technical errors or defects, or exceptions which do not affect the substantial rights of the parties."

In *People* v. *Meyer* (162 N. Y. 357) the court says (p. 370): " Thus all the constituent elements of the crime of one kind of murder in the first degree were proven, and under these circumstances the judgment of the court below would be upheld even though it were assumed that a technical error had been committed in withholding from the consideration of the jury the question whether defendant's confessions were voluntary or not. Under the circumstances of this case, the rulings of the court upon these confessions were not material, and did not prejudice the defendant's substantial rights. It is the duty of this court, therefore, in the promotion of justice, to disregard the same."

In *People* v. *Greenwall* (108 N. Y. 296), relied on for reversal, the court says (p. 302): " The evidence of Mohring above set out was, therefore, clearly incompetent. It was very damaging in its nature and we cannot say that it did not have an important influence upon the minds of the jurors in reaching their verdict. The defendant's guilt was not so clearly established by other proof that it can be said that this evidence was harmless."

In *People* v. *DeGarmo* (179 N. Y. 130), the leading case cited for reversal, the court says (p. 135): " The case of the prosecution depended largely upon the evidence of Frankie Lennon, the brother of the deceased. At the time of the trial he was only eight years of age. His evidence was typical of what would naturally be expected from a child of that age. The corroborating evidence was wholly circumstantial. The defendant denied that he was guilty of the crime charged. The issue was narrow and clearly defined; the evidence on both sides was meagre. Under these conditions the admission of incompetent testimony, which bore with deadly effect upon the character and disposition of the defendant, could not have failed to exercise a direct and controlling

influence upon the minds of the jury in weighing the probabilities as to the defendant's guilt or innocence. The admission of such evidence raises a conclusive presumption of injury to the defendant and renders the reversal of the judgment herein an imperative necessity."

In *People* v. *Van Tassel* (26 App. Div. 445; affd., 156 N. Y. 561) the judgment of conviction was affirmed.

I think the general principle to be applied is whether the main evidence of guilt was so strong and convincing that collateral evidence erroneously admitted or excluded would be likely to have any appreciable effect on the minds of the jurors in reaching a determination. It is generally a question of reasonable probability. Where the evidence is strong and it may readily be seen that a just verdict has been reached, then no substantial right has been affected. If, on the other hand, the evidence is weak and the case is surrounded by doubt, then an error of this nature may become important.

Here, as I have said, there can be no doubt of defendant's guilt. He received in my opinion a ruling as to the effect of this evidence more favorable than that to which he was entitled. Had the defendant on his cross-examination admitted the fact, that undoubtedly was true, there would have been no error, no matter on what theory the evidence was offered. The subsequent proof of the fact by another witness did not constitute material error, under the circumstances here disclosed.

Criminal tendencies and criminal acts will not be subject to proper repression and control if courts permit obviously guilty men to escape, or add to the burdens and expense of officers and taxpayers by granting new trials on purely technical grounds.

I favor affirmance.

Judgment of conviction reversed on the law and new trial granted.