The People of the State of New York, Appellant, v. Samuel S. Leibowitz and John Theodore Capozucca, Alias John Terry, Respondents. (Indictment No. 5375-A.) The People of the State of New York, Appellant, v. Samuel S. Leibowitz and Others, Respondents. (Indictment No. 5375-B.) — Order of the County Court of Kings county, in so far as it dismisses indictment No. 5375-A, accusing defendants of the crime of subornation of perjury, reversed on the law and the facts, and indictment reinstated. In so far as said order dismisses indictment No. 5375-B, accusing defendants of the crime of conspiracy, the order is unanimously affirmed. The testimony of Henrietta Franchini, Charles Franchini, Mercado, Deliz, Gonzales and Diaz, plus the defendant Leibowitz's own testimony before the grand jury (*People* v. *Deitsch*, 237 N. Y. 300, 303; *People* v. *Dixon*, 231 id. 111, 116), was sufficient corroboration of the subornation accusation. It was held in *People* v. *Van Tassel* (26 App. Div. 445, 446), where the indictment was for subornation of perjury, that evidence of other attempts made to induce other persons to testify falsely upon the trial was competent; and that the testimony so received had relation to the same transaction, namely, to procure a result upon the trial based upon false testimony. It was further stated in that case that " Motive and intent were elements in the commission of the offense, and the evidence received bore directly upon these subjects." If the subornation of some of the persons above mentioned was competent to show motive and intent, it was equally persuasive to corroborate the subornation charged, the objective of which was to procure by perjurious testimony the acquittal of the policemen upon their trial. The case cited was affirmed by the Court of Appeals (156 N. Y. 561), and that court in a restatement of substantially the rulings of the Appellate Division added: " Evidence of other transactions, otherwise material or relevant, is not inadmissible merely because it tends to prove another crime." The record of the trial before the police commissioner was before the grand jury in its entirety, including the charges against the accused policemen, and it must be presumed that the grand jury considered that record, from which they could, as they did,

determine that the false testimony was material. Lazansky, P. J., Young, Kapper and Hagarty; JJ., concur as to the disposition of both indictments; Lazansky, P. J., wishes to express some doubt that the charges before the police commissioner were duly authenticated before the grand jury although physically before that body. The materiality of the alleged false testimony could not be determined without the presence of such charges. Of course a resubmission to the grand jury would avoid any such omission; Tompkins, J., concurs for affirmance as to the disposition of the indictment charging conspiracy, but dissents from the reversal of the order as to the indictment charging subornation of perjury, and votes to affirm on the grounds (1) that there was no competent evidence before the grand jury corroborative of the testimony of the accomplice Mackay that tended to connect the defendants with the commission of the crime; (2) that the grand jury minutes do not show that the alleged false testimony of Mackay was material to any issue on the trial before the police commissioner.