THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ISIDORE J. WINTER and IRVING PEPPERBLOOM, Appellants.

Argued April 29, 1942; decided July 29, 1942.

*Abraham S. Robinson* for Irving Pepperbloom, appellant. The People failed to prove a conspiracy under the allegations of the information. (*People* v. *Klipfel*, 160 N. Y. 371; *United States* v. *McConnell*, 285 Fed. Rep. 164; *United States* v. *Siebricht*, 59 Fed. Rep. [2d] 976; *Cooper* v. *United States*, 91 Fed. Rep. [2d] 195; *Telman* v. *United States*, 67 Fed. Rep. [2d] 716; *People* v. *Goldner*, 70 Misc. Rep. 199; *People* v. *Friedlander*, 280 N. Y. 437; *People* v. *Suffern*, 267 N. Y. 115; *People* v. *Courtney*, 28 Hun, 589; *People* v. *Kleinman*, 252 App. Div. 149.) Proof tending to show violations of section 270-a of the Penal Law does not establish a conspiracy. (*People* v. *Tavormina*, 257 N. Y. 84; *People* v. *Friedlander*, 280 N. Y. 437; *United States* v. *Falcone*, 109 Fed. Rep. 579; 311 U. S. 205.) The appellant was not concerned in or a party to any conspiracy. (*People* v. *Harris*, 136 N. Y. 423; *People* v. *Place*, 157 N. Y. 584; *United States* v. *Lancaster*, 44 Fed. Rep. 896; *People* v. *Razezicz*, 206 N. Y. 249; *United States* v. *Linde*, 13 Fed. Rep. [2d] 59; *United States* v. *Koch*, 113 Fed. Rep. [2d] 982; *People* v. *Friedlander*, 280 N. Y. 437; *Cooper* v. *United States*, 91 Fed. Rep. [2d] 195.)

*William B. Moore* and *Edward G. Tarangioli* for Isidore J. Winter, appellant. The evidence was insufficient as a matter of law to prove guilt of the crime charged in the information. (*United States* v. *Russell*, 41 Fed. Rep. [2d] 852; *Marcante* v. *United States*, 49 Fed. Rep. [2d] 156; *People* v. *Suffolk Contracting Co.*, 171 App. Div. 645; *United States* v. *Falcone*, 311 U. S. 205; *Dickerson* v. *United States*, 18 Fed. Rep. [2d] 887.) The defendant's guilt of the crime of conspiracy cannot be proved by evidence of overt acts alone. (*People* v. *Friedlander*, 280 N. Y. 437; *Bell* v. *United States*, 2 Fed. Rep. [2d] 543; *Lee* v. *United States*, 106 Fed. Rep. [2d] 906; *United States* v. *Falcone*, 311 U. S. 205; *DiBonaventura* v. *United States*, 15 Fed. Rep. [2d] 494; *United States* v. *Crimmins*, 123 Fed. Rep. [2d] 271; *Linde* v. *United States*, 13 Fed. Rep. [2d] 59.) The testimony concerning acts and declarations of co-conspirators was incompetent to prove the guilt of the appellant. (*United States* v. *Richards*, 149 Fed. Rep. 443; *Nibbelink* v. *United States*, 66 Fed. Rep. [2d] 178; *Dolan* v. *United States*, 123 Fed. Rep. 52; *Hauger* v. *United States*, 173 Fed. Rep. 54; *Thomas* v.

*United States,* 57 Fed. Rep. [2d] 1039; *United States* v. *Nardone,* 106 Fed. Rep. [2d] 41; *Lent* v. *Shear,* 160 N. Y. 462.)

*Frank S. Hogan, District Attorney* (*Eugene A. Leiman* and *Stanley H. Fuld* of counsel), for respondent. The guilt of the appellants was proved beyond a reasonable doubt. (*People* v. *Pizza,* 238 N. Y. 622; *People* v. *McCarthy,* 250 N. Y. 358; *People* v. *Sugarman,* 248 N. Y. 255; *People* v. *Luciano,* 277 N. Y. 348; *People* v. *Sweeney,* 213 N. Y. 37; *People* v. *Van Tassel,* 156 N. Y. 561; *People* v. *Miles,* 123 App. Div. 862; 192 N. Y. 541; *United States* v. *Manton,* 107 Fed. Rep. [2d] 834; *State* v. *Hayes,* 127 Conn. 543; *United States* v. *Kissel,* 218 U. S. 601.) There was ample evidence corroborating the accomplice testimony that the appellants participated in the commission of the crime. (*People* v. *Elliott,* 106 N. Y. 288; *People* v. *Ogle,* 104 N. Y. 511; *People* v. *Kress,* 284 N. Y. 452; *People* v. *Nitzberg,* 287 N. Y. 183; *People* v. *Goldstein,* 285 N. Y. 376; *People* v. *Cohen,* 223 N. Y. 406; *People* v. *Reddy,* 261 N. Y. 479; *People* v. *Dixon,* 231 N. Y. 111; *People* v. *Mills,* 91 App. Div. 331; 178 N. Y. 274.)

DESMOND, J. These two appellants, who are attorneys, have been convicted of conspiracy to violate section 270-a of the Penal Law, which section makes it unlawful to solicit, or procure through solicitation " legal business."

The information accused twenty-four defendants of having been members of a general conspiracy, the scheme of which was to obtain information regarding accidents occurring in New York City, to approach the parties injured in these accidents and to attempt to secure the signatures of the injured parties to retainer blanks, which retainers subsequently would be sold to attorneys or, which, by pre-arrangement had already been so sold to attorneys. The alleged conspirators were divided into three groups: two newspapermen, who secured the information in the first instance at police precincts; a number of " runners," who did the actual soliciting, and several attorneys, who, it is charged, handled and disposed of the claims by settlement or litigation.

The action was severed as to three of the " runners "; four other " runners," four attorneys and one of the two newspapermen pleaded guilty; the case against the other newspaperman was dis-

missed; one lawyer was acquitted. The remaining defendants were convicted. Four lawyers and two " runners " appealed to the Appellate Division. The judgment against one of the lawyers was reversed and the information dismissed. As to the rest of the defendants, the judgments of conviction were affirmed. Only these two appellants, attorneys, have appealed to this court.

As against these two appellants, the information levels the accusation that it was a part of the conspiracy that these two should " regularly and systematically use certain other of the defendants to solicit and should regularly and systematically pay to other of the defendants certain sums of money * * *." The only evidence we need consider is that which purports to prove the existence of the general conspiracy and the participation of these two appellants in that conspiracy. The proofs clearly show that the conspiracy itself was formed and that it functioned as alleged. Whether or not there was evidence to establish that these appellants were co-conspirators, is another question. The Appellate Division dissent was on the ground that such evidence did not appear to be sufficient to convict appellants of the conspiracy, though it would suffice to show them guilty of the substantive acts.

Without setting out the testimony at length, we say that it sufficiently shows that each of these appellants was acquainted with some of the " runners " involved in the general conspiracy and that each appellant was in some instances recommended as an attorney by certain of these " runners." In some of these cases one or the other of these appellants was retained, as a result of such recommendations by the " runners." The jury could readily have found that these recommendations were made at the request of appellants. But the problem remains whether this kind of proof shows connection of appellants with the conspiracy pleaded in the information. Of course, to sustain a conviction for conspiracy, we do not require evidence that a defendant took part in every act done in furtherance of the conspiracy, or that he was cognizant of every such act (*People* v. *Miles*, 123 App. Div. 862; affd. 192 N. Y. 541). Nevertheless, more must be shown than that he is guilty of the substantive act (*People* v. *Friedlander*, 280 N. Y. 437). The prosecutor points to this statement of law in *People* v. *Van Tassel* (156 N. Y. 561, 564, 565): " A conspiracy may be proved

by circumstantial evidence, and parties performing disconnected overt acts, all contributing to the same result, may, by the circumstances and their general connection or otherwise, be satisfactorily shown to be confederators in the commission of the offense." This very general language concerned a charge of subornation of perjury. In the conspiracy there under scrutiny, no benefit could have come to anyone until the particular end of the particular conspiracy had been attained. Thus, the very fact that a defendant had committed one of the overt acts, not explainable at all unless as done to progress the one particular conspiracy, was enough, in that case, to permit an inference that the overt act was in truth done for the purpose of the conspiracy. Indeed, no other inference was possible. We have no such case before us. Either or both these appellants may have solicited cases and employed others, on particular occasions, to do their soliciting for them. At least as to Pepperbloom, there is direct proof that he did violate section 270-a of the Penal Law. As we have said before, the jury could rationally have inferred that appellant Winter had done likewise. But this is not at all the same thing as proving that they were participants in the general conspiracy charged against all the defendants. The situation is not unlike that described in *Linde* v. *United States*, (13 Fed. Rep [2d] 59). In that case the court held that the proof which permitted an inference by the jury that defendants knew they were purchasing stolen cars, was not enough to permit the further inference that they were members of a conspiracy to introduce stolen cars into the State for the purpose of sale (see *United States* v. *Crimmens*, 123 Fed Rep. [2d] 271). A defendant's guilt as to one crime is never enough to sustain his conviction on another. We do not find in this record any proof that either of these appellants knowingly participated in the conspiracy described in the information.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY and CONWAY, JJ., concur; LEWIS, J., dissents.

Judgments reversed, etc.