Stevens, J.
(dissenting). I dissent only insofar as the conviction of defendant Streiff is reversed and a new trial ordered.
Streiff moved for a severance after the Huntley hearing at which each defendant testified. A motion for a severance is addressed to the court’s sound discretion (CPL 200.40, subd. 1). This record is not persuasive that there was an abuse of such discretion. All three defendants jointly embarked upon a course of conduct which, unfortunately, resulted in the death of a young woman. The jury concluded that all were guilty in the same measure. Streiff’s car was used with his knowledge and consent for what, it must have been realized, was an illegal purpose. All the defendants were aware of the victim’s condition and that she was drunk and helpless.
According to Streiff’s written admission, he assisted his coconspirators in removing the victim from his car and carrying her into the woods where he and the codefendant Davis left her alone with Payne. Streiff also admitted that prior to this part of the episode, he had assisted in removing the victim from her car and placing her in the back seat of his automobile where Payne located himself; that he then proceeded to drive out in the country and up into the hills. It is thus evident that the jury had the right to conclude, as they obviously did, that all the defendants jointly transferred her to Streiff’s car and transported her to a secluded area to implement and assist Payne in completing his purpose of attempting or having forcible sexual relations with the victim. The recited facts were certainly inconsistent with innocence, for there is nothing about Streiff’s participation which could point to an innocent act or series of acts on his part. The existence of a common purpose and design may, of course, be proved by circumstantial evidence and may be inferred from the described conduct and Streiff’s admissions (People v. Van Tassel, 156 N. Y. 561). Implicit in the verdict of the jury is the finding that Streiff intentionally aided Payne with his intent to commit a rape, and, in view of this finding, Streiff was an accomplice in the purpose and design to commit that felony, or an attempt thereof, during the course *31 of which murder was committed. Thus, each is inculpated in that crime.
At trial this defendant contradicted his written statement and denied that the deceased was ever in his car that evening or that he had anything to do with her. Thus, the jury was faced with a clear cut issue. If, as Streiff testified, he was never there and did not participate in any way in the events involving the deceased on that evening, and if the jury believed such testimony, he was entitled to an acquittal. There is no evidence of attempted withdrawal or abandonment by any defendant and to shift the burden to one or two is not warranted by this record. Nor, at the trial did counsel elect to try for different verdicts by requesting a charge of lesser degrees of homicide.
Judges Jones and Rabin concur with Judge Wachtleb;
Judge Jasen concurs in result only; Judge Stevens dissents in part and votes to affirm as to all defendants in a separate opinion in which Judge G-abeielli concurs; Chief Judge Bbeitel taking no part.
On appeals by defendants Páyne and Davis: Orders affirmed.
On appeal by defendant Streiff: Order reversed.