THE PEOPLE, Defendants in Error, *v.* NELSON EVANS, Plaintiff in Error.

The general rule is well settled, that a prisoner may be convicted upon the sole uncorroborated testimony of an accomplice, and the question of the credibility of the witness belongs to the jury. MASON, J.

But the crime of subornation of perjury forms an *exception* to the general rule. By the Court, MASON, J.

Accordingly, where, on the trial of an indictment for subornation of perjury, charging the prisoner with having suborned N. to commit wilful and corrupt perjury upon the trial of R. for grand larceny, the judge refused to instruct the jury, that they could not convict upon the *uncorroborated* testimony of N., that he committed the perjury at the instigation and by the inducement of the prisoner, *Held*, error, and a new trial granted.

(This cause was argued on the 6th of January, 1869, and decided on the 18th of March, 1869.)

ERROR to the Supreme Court in the fourth judicial district, to review a judgment affirming a conviction of the plaintiff in error for subornation of perjury, at the Saratoga County Sessions, on the 20th of June 1867.

One Rose was indicted before the same court, in February, 1867, for grand larceny.

On the trial of that indictment, one Near was sworn as a witness for Rose, and gave material evidence, inconsistent with Rose's guilt, and tending to prove an *alibi* for him.

HAND — VOL. I.        1

The jury discredited Near's evidence and Rose was convicted. Soon after, Near was arrested for perjury, in giving this testimony, and the plaintiff in error indicted for subornation of perjury, it being charged that he hired Near, for $25, to commit wilful and corrupt perjury, in swearing to the *alibi* for Rose.

On the trial of the plaintiff in error, Near was brought out of jail into court, and sworn on behalf of the People. He swore that his testimony upon Rose's trial was wilfully false; that he was induced by the plaintiff in error, by the promise of $25 reward, thus to swear falsely, and that, after the trial of Rose, his false testimony being unavailing to save Rose, the plaintiff in error refused to give him more than $5.

The counsel of the plaintiff in error requested the court to charge the jury, that if the evidence of the witness, Near, was not corroborated, the jury could not convict upon the unsupported evidence of a conceded false witness.

The court declined so to instruct the jury.

The court also declined to charge the jury that there was no evidence to corroborate Near, in regard to his being guilty of perjury, on the ground that the fact was immaterial.

The plaintiff in error was convicted and sentenced to ten years imprisonment. He sued out a writ of error in the Supreme Court, where the conviction was sustained.

*William A. Beach,* for plaintiff in error.

*I. C. Ormsby* (District Attorney), for defendant in error, cited, upon the point of the right to convict on the uncorroborated evidence of the accomplice, *Francis' Case* (1 City Hall Record., 121); *People* v. *Coats* (4 Parker, 662); *People* v. *Wixson* (5 Parker, 120); *People* v. *Dyle* (21 N. Y., 578); Cowen & Hill's Notes, part 2, pp. 1504, *et seq.*) Upon the point that Near's evidence alone was sufficient to prove his own perjury, *Woodbeck* v. *Keller* (6 Cow., 118).

MASON, J. The defendant was indicted and convicted of suborning one Jacob S. Near to commit perjury, on the trial

of one Corydon Rose, for burglary and larceny, at the Saratoga Sessions, in February, 1867. Upon the trial of Rose, Near swore to an *alibi*, which, if believed by the jury, would have acquitted Rose. Upon the trial of the present indict ment against Evans, he swore that Evans hired him to swear as he did, and agreed to give him $25; that all he swore to on the trial of Rose, in regard to the *alibi*, was false, and was concocted by Evans, and that he swore to it at Evans' instigation, and because he was to obtain the $25. He testified that Evans only gave him five dollars after the trial was over, claiming that he had no money, and that Rose's father ought to pay it. The court charged the jury that it was competent for them to convict the defendant upon the uncorroborated and unsupported testimony of Near, and refused to charge on the request of the defendant's counsel, that if the evidence of Near is not corroborated, then the jury ought not to convict the defendant upon the unsupported evidence of Near; and to each of these rulings the defendant's counsel excepted.

This charge cannot be supported upon principle or authority, when applied to a case like the present. This witness now swears that he swore false, and committed the crime of perjury, in regard to this same matter, for the paltry bribe of $25, which he says the defendant agreed to pay him for swearing to it. He affirms, in short, that he committed perjury in regard to this very matter, for a bribe of $25, and it is now claimed that he is entitled to be believed, when he swears he swore false before upon this matter, and when he swears the defendant suborned him to do so. The general rule is, that where a man is convicted of an offense which is inconsistent with the common principles of honesty and humanity, the law considers his oath to be of no weight, and excludes his testimony, as of too doubtful and suspicious a nature to be admitted in a court of justice, to affect the property or liberty of others (1 Stark Ev., 94); and whenever the witness has been convicted of perjury, he is excluded from testifying, and our statute, like the 5 Eliz., chap. 9, sec. 6, provides, that a person convicted of perjury "shall not

thereafter be received as a witness, to be sworn in any matter or cause whatsoever, until the judgment against him be reversed" (2 R. S., 507, § 1, 2d ed.); and it is held, both under our statute and the statute of Elizabeth, that a pardon which purports to restore a person convicted of perjury to all his civil rights, will not make him a competent witness. (*Houghtaling* v. *Kelderhouse and others*, 1 Park. Cr. R. 241; 2 Salk. R., 691; 5 Esp. R., 94; Bull N. P., 292; Phil. on Ev., 21, 22; 1 Greenleaf Ev., 378; *Holdridge* v. *Gillespie*, 2 Johns. Ch. R., 35.) In this latter case, Chancellor Kent excluded the deposition of a witness who had been convicted of perjury, although he had been pardoned by the Governor. The statute declares him incompetent until the judgment shall be reversed. This imposition of the statute on convictions for perjury, in addition to the severe punishment prescribed, was not imposed so much by way of punishment to the party, as it was, to prohibit the courts from receiving the oath of a person convicted of disregarding its obligation, and to save others from the peril of the testimony of persons, who have proved themselves regardless of the obligations of an oath. The reason of this rule applies with force to the case at bar. Under this charge, Near is permitted to be a witness to establish the fact, that he, himself, committed perjury on the trial of Rose, and his evidence alone, unsupported by any other testimony, is held sufficient to justify the conviction of the defendant of the high crime of subornation of perjury. The fact must be proved on the trial of the defendant, that Near committed perjury on the trial of Rose, and Near swears to it, and that is said in law to prove it, if the jury believe him. The fact must be proved against the defendant, that the defendant suborned Near to commit the perjury. Near swears that the defendant hired him to commit the perjury, and agreed to pay him $25 for doing it, and when he got through and performed his agreement, he would only pay him $5, and this is held to be sufficient proof in law of the fact, if the jury will only believe him. The jury, by their verdict, say they believe him, and convict this defend-

ant. Now, what is involved in such a verdict? The jury must, by their verdict, convict Near of perjury, for this is the very question to be tried; and after they have done that, to place their verdict of the defendant's guilt, in suborning him, upon the sole uncorroborated evidence of this perjured witness, who, for the paltry sum of $25, would swear to an *alibi* to save a guilty burglar and thief from the just punishment due to his crimes.

I am aware of the rule, that no person is deemed so infamous in law, that he shall be excluded by the court from being sworn as a witness, until he has been legally convicted of an infamous crime, and judgment has been passed against him. (1 Greenleaf Ev., p. 420, § 375.)

The question is whether, under every and all circumstances, the court is justified in leaving the credibility of the witness unconditionally to the jury; if so, the citizen has no security in the law, that an issue involving his personal liberty shall not be decided against him without the testimony of, at least, one credible witness, as the case at bar fully illustrates. The general rule is certainly well established, that a prisoner may be convicted upon the sole uncorroborated testimony of an accomplice, and, as a general rule, the question of the credibility of the witness belongs to the jury. (*The People* v. *Costello*, 1 Denio R., 83; Roscoe Cr. Ev., 153; *Rex* v. *Atwood and others*, 1 Leach Crown Law, 464; *Jordaine* v. *Lashbrooke*, 7 D. & E., 597; 1 Hale, 303, 304, 305; *Rex* v. *Hastings*, 7 Carr. & Payne, 152; 1 Greenleaf Ev., § 380; 1 Chitty's Crim. Law, 604; Wharton's Am. Cr. Law, 301.) This rule can hardly exist in every case, consistent with another rule of evidence, which has become a maxim of the law of evidence. It is a rule for the control and guidance of the jury, and which is, that if the jury find the witness has sworn corruptly false in one material thing, they shall pronounce him false in his whole testimony, and utterly disregard it. The maxim of the law in this respect is, "*falsus in uno; falsus in omnibus*," false in one thing, false in all things. (2 Cow. R., 68; 4 Cow. R., 37; 3 W. R., 643; 15 W. R., 607.) And it was said by

COWEN, Justice, in the latter case, that *falsus in uno, falsus in omnibus* is a maxim, which does not stop at *nisi prius* (15 W. R., 607). Now, how does this principle apply to the case at bar? The jury must find, from Near's own testimony, before they can convict the defendant, that he, Near, has corruptly committed perjury. Applying the principle, that if the testimony of the witness be corruptly false in one thing, the whole must be rejected, I do not see how the charge in this case can be sustained. (*State* v. *Jim*, 1 Dev. R., 508; 1 Cow. & Hill's Notes, 396.) The case of *Dunlap & Meiggs* v. *Patterson* (5 Cow. R., 243), is in point, and holds, that when it is plain, that the witness has perjured himself, either in the cause pending or in a former suit, relating to the same matter, that the jury should have been instructed to disregard the testimony of such witness, and that the court erred in refusing so to instruct them, and instructing them that the credibility belonged to them, and a new trial was granted. I am of opinion, that in the case at bar, the judge should have advised the jury, that if they found Near uncorroborated, they should acquit the defendant.

There must be some exceptions to all general rules, and I would make this case an exception to the general rule, that a prisoner may be convicted on the uncorroborated testimony of an accomplice. In England, whatever once may have been the law, the settled and humane rule now is, to use the language of Serjeant TALFOURD, for the judges, in the exercise of a sound discretion, to direct the acquittal of a prisoner, unless the accomplice be corroborated by evidence admitting of no suspicion (Wharton's Cr. Law, 302); but I do not propose to interfere with the general rule, that the prisoner may be convicted on the unsupported and uncorroborated testimony of an accomplice, but to make this case an exception to the rule. It seems quite necessary to do so to save the rule itself from reproach, and the administration of public justice from disgrace. The charge of the judge, in a case like this, is, in effect, just this: The *corpus delicti* is, that Near was suborned by

some one to commit perjury on the trial of Rose, and that he did commit the perjury, and this must be first established. 'The next question in the case is, is the defendant, Evans, the person who suborned Near to commit the perjury? Near swears he was suborned to commit the perjury, and that he did it, and that Evans procured and hired him to do it. The case is thus submitted, and the jury are told by the judge, that they may convict Evans on the sole uncorroborated evidence of Near alone. Now, what is the verdict of the jury in this case, fairly and justly stated? First. We find that this witness, Near, was hired for $25 to swear to an *alibi*, and commit wilful and corrupt perjury, to save a proved guilty burglar and thief from the just punishment of his crimes, and that he did thus swear and commit perjury. This we find as the *corpus delicti* in this case, and we find this on Near's own evidence alone, because he swears to it. Secondly. We find that Evans, the defendant in this case, is guilty of hiring and suborning the said Near to commit such perjury, and we find this on the sole and uncorroborated testimony of Near, because he has sworn to it. We find, in short, first, that Near has been hired to commit wilful and corrupt perjury on the trial of Rose, and did commit wilful and corrupt perjury to save a burglar and thief from just punishment. Second, we find Near is a credible and reliable witness, and will convict the defendant of this high crime on his evidence alone. No jury should ever have the opportunity given them by any court to render so disgraceful a verdict, in a court of justice, as this. The jury are required literally to stultify themselves.

The judgment should be reversed and a new trial granted.

GROVER, WOODRUFF, MURRAY and DANIELS, JJ. concurred.

GROVER and DANIELS, JJ. were also of opinion that the perjury of Near, on the Rose trial, could not be legally made out by his own unsupported testimony, upon the trial of the plaintiff in error for the subornation of that perjury.

Lott and James, JJ., were for affirmance, on the ground, that the points discussed in Judge Mason's opinion were not distinctly enough raised in the case.

Hunt, Ch. J., for affirmance.

Judgment reversed and new trial ordered.