PARADIES-CARROLL CO., INC., Respondent, *v.* FRANK LYMAN, Appellant.

First Department, November 12, 1920.

Pleadings — complaint alleging breach of contract to sell and also conversion by defendant — complaint not stating cause of action ex delicto — depositions — examination of defendant before trial.

Where a complaint through inadvertence alleged a sale of merchandise by the plaintiff to the defendant and then set out the breach of the defendant's agreement to resell to the plaintiff for a certain sum, the title to the

merchandise was in the defendant in either case, and hence an allegation that the plaintiff was the owner and entitled to immediate possession of the merchandise is at variance with the facts specifically alleged.

A further allegation in such complaint that the defendant unlawfully converted and disposed of the merchandise to his own use does not change the action from one on contract to an action *ex delicto*.

Even if the allegation of conversion made the action one *ex delicto*, the plaintiff, as the defendant answered, might obtain judgment under section 1207 of the Code of Civil Procedure without proving the conversion.

The plaintiff in such action is entitled to examine the defendant before trial upon any matters on which the plaintiff has the affirmative, and under the complaint aforesaid it is no answer that proof of the allegations thereof would convict the defendant of the crime of larceny.

APPEAL by the defendant, Frank Lyman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of August, 1920, denying the defendant's motion to vacate and set aside an order for the examination of the defendant before trial, and fixing the time, place and day for such examination.

*Carl E. Peterson* of counsel [*Andrew Macrery* with him on the brief], *Davies, Auerbach & Cornell*, attorneys, for the appellant.

*Jacob S. Demov* of counsel [*Joseph, Demov & Feinstein*, attorneys], for the respondent.

SMITH, J.:

This action is at issue upon the complaint and the answer. The complaint alleges that the plaintiff sold to the defendant 200 bags of sugar at the price of $4,000 upon terms net cash payable in New York city funds " and the defendant retained the possession of the aforesaid sugar, which he agreed to deliver and return to the plaintiff herein upon payment of the aforesaid sum." The complaint further alleges that the plaintiff tendered to the defendant the $4,000, " being the aggregate purchase price for the aforesaid sugar, and duly demanded the possession of the aforesaid sugar from the defendant herein." The 4th paragraph of the complaint reads as follows: " That the defendant wholly failed and refused to accept payment and to deliver possession of and return the aforesaid sugar to the plaintiff herein; and, upon information and belief, without the knowledge or consent of the

plaintiff herein, the defendant unlawfully converted and disposed of the aforesaid sugar to his own use." In the 5th paragraph it is alleged " That at the time herein mentioned the plaintiff was the owner of and became entitled to the immediate possession of the aforesaid sugar of the value of five thousand dollars." In the 6th paragraph that the plaintiff duly and fully performed all the terms of the aforesaid agreement on his part and judgment was demanded for the sum of $5,000, with costs.

The briefs of both counsel upon this appeal recognize that the complaint inadvertently states a sale by the plaintiff to the defendant instead of a sale by the defendant to the plaintiff. Whatever the fact may be, it seems to me immaterial in this case, because if the plaintiff did in fact sell to the defendant the title passed to the defendant, and if the defendant thereafter agreed to resell to the plaintiff, the plaintiff's cause of action would be for a breach of the contract, and the allegation of the pleading that the plaintiff was the owner and entitled to the immediate possession of the sugar is at variance with the facts specifically alleged. Nor does the allegation that the defendant unlawfully converted and disposed of the sugar to his own use change the action from an action on contract to an action *ex delicto.*

In *Conaughty* v. *Nichols* (42 N. Y. 83) it is held that " A complaint containing a statement of facts constituting a cause of action on contract, sustained by proof of such facts upon the trial, authorizes a recovery, although the complaint is in form for a conversion, and the summons in the action is for relief." In that case there was an allegation that the defendants had converted plaintiff's property to their own use to the damage of the plaintiff.

In *Austin* v. *Rawdon* (44 N. Y. 63) it is held: " A complaint which alleges a joint agreement by the defendants to deliver up specified securities, demand therefor, and that the defendants wrongfully refused to deliver them, and have wrongfully disposed of and converted them to their own use, to the great damage of the plaintiff, and praying judgment for the value of the securities, with interest, as the damages sustained by the plaintiff by means of the premises, states a cause of action on contract and not *ex delicto.*"

Within these authorities it seems clear that this complaint is a complaint upon contract and not a complaint for conversion. Even if it might be held that the allegation of conversion stamped the action as one *ex delicto*, inasmuch as an answer has been served, judgment might be obtained without proving the conversion under section 1207 of the Code of Civil Procedure. (*Gordon* v. *Hostetter*, 4 Abb. [N. S.] 263.)

The argument of the defendant that this is a complaint for conversion and that proof of the allegations thereof would convict the defendant of the crime of larceny is, therefore, no answer to the application for an examination before trial. Upon the allegations of the complaint no cause of action is alleged for conversion. If, however, the complaint be held to be a complaint upon contract, the complaint does state a cause of action upon which under the general practice in this department the plaintiff is authorized to examine the defendant upon any matter upon which the plaintiff has the affirmative in the case.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING and PAGE, JJ., concur; GREENBAUM, J., concurs in result.

Order affirmed, with ten dollars costs and disbursements. The date for the examination to proceed to be fixed in the order. Settle order on notice.