SAMUEL SHAPIRO, Appellant, *v.* CHARLES KARON, Respondent.

Supreme Court, Appellate Term, First Department, May Term — Filed June, 1922.

**Conversion — sale of goods — when title vests — when action on note given for purchase price not a bar to action for conversion of goods sold.**

Plaintiff sold ten pieces of goods on credit to G. and S., who subsequently gave notes for the purchase price to plaintiff. Four months after the sale G. and S. either sold the goods back to plaintiff upon his promise to discontinue an action brought by him on one of the notes, and presumably to surrender all the notes, or else the original sale was rescinded. *Held*, that in either event the title to the goods vested forthwith in the plaintiff.

Subsequently the goods were found in the possession of defendant who refused on demand to deliver them to plaintiff claiming that he bought them from G. and

S. about three months after the sale to them. Though the action on the note had been adjourned indefinitely, technically it was still pending at the time of the trial in conversion. The learned trial judge set aside a verdict in favor of plaintiff by an order which did not state the ground upon which it was granted and dismissed the complaint. *Held,* that under rule 224 of the Rules of Civil Practice the presumption was that said order was granted upon a question of law, *i. e.,* that in effect the action on the note was a bar to the present suit.

The order setting aside a verdict and the judgment dismissing the complaint upon the merits reversed, with costs, and the verdict reinstated.

APPEAL by plaintiff from an order of the City Court of the city of New York, setting aside a verdict in his favor and from a judgment dismissing the complaint upon the merits.

*Alfred B. Nathan,* for appellant.

*Isadore Apfel* (*I. Maurice Wormser,* of counsel), for respondent.

BIJUR, J. The action was brought in conversion and the following material facts were developed: On February 16, 1920, plaintiff sold to Goldin and Simon ten pieces of goods on credit. Subsequently, Goldin and Simon gave the plaintiff notes for the purchase price. Plaintiff brought suit on one of the notes. On June 16, 1920, plaintiff called on Goldin who showed plaintiff eight of these pieces on the shelves. He had asked plaintiff " to come down and see whether we could straighten it out by taking back eight pieces of the goods.*"* At the store he said: " There is your eight pieces. They are on the shelves. They are yours. You can have them. I said: ' How soon? ' He said, ' Today I may not be able to send them, but tomorrow you will have them positively.' He said, ' Phone your lawyer and tell him to discontinue the action [the suit on the first note].' " This suit was not actually discontinued, as plaintiff claims, owing to a misunderstanding, but it was adjourned indefinitely and was still technically pending at the time of the trial. Subsequently the goods were found in the possession of defendant Karon, who refused to return them to plaintiff on demand, claiming that he had bought them from Goldin and Simon on May twenty-fifth.

Since the complaint was dismissed it must be assumed, as has the learned trial judge, that the jury found in favor of plaintiff upon all the issues of fact. The learned judge below was of opinion that " The record is barren of any specific words or acts actually passing title then and there to plaintiff, nor does it disclose any utterance or act from which may be found any such intent." Referring to the discontinuance of the action on the note he says: " There was no performance at the time, and in fact at any time thereafter * * *. The agreement was entirely executory * * *. In permitting it [the action on the note] to continue as a pending action plaintiff may be deemed to have made an election

to reaffirm the title in Goldin and Simon under the original sale. Its pendency is inconsistent with the assertion of title having revested in plaintiff on June 16th, 1920, or any time thereafter. It is in effect a bar to the maintenance of the present suit in conversion. *Terry* v. *Munger*, 121 N. Y. 161," and other cases. The learned judge also cites *Paradies-Carroll Co., Inc.*, v. *Lyman*, 193 App. Div. 766, and other similar cases, and concludes: " I hold that the agreement of June 16th, 1920, was wholly executory and insufficient to clothe the plaintiff with the right of ownership or possession of the goods, and therefore this action cannot be maintained." I cannot concur in this conclusion. No one appears to doubt that when the plaintiff originally sold the goods to Goldin and Simon the title vested in the latter although payment was not to be made for at least sixty days. On June sixteenth Goldin and Simon either sold the goods back to plaintiff against plaintiff's promise to discontinue the action (and presumably surrender the notes), or else the original sale was rescinded. In either event the title vested forthwith in the plaintiff even without the express statement to that effect by Goldin when he said: " There is your eight pieces. * * * They are yours." Although the learned judge has not cited it in this connection, his language would indicate that he had in mind *Reilly* v. *Barrett*, 220 N. Y. 170, in which, upon a question of pleading, it was held that where a defense of accord and satisfaction is pleaded in bar of a cause of action the defense as pleaded was that of a mere executory accord, and since satisfaction was not pleaded it was insufficient as a bar. The distinction between that case and the instant one is indicated by *Moers* v. *Moers*, 229 N. Y. 294, in which the validity of a complete agreement, executory or otherwise, is sustained as against the plea apparently that it was ineffective because intended to operate as a settlement in part of some prior disputes between the parties. In the instant case we have no dispute or controversy to be settled, nor claim of an accord, but either the rescission of a prior sale on mutually effective consideration or a new sale containing the same elements. It was complete when made and the title to the goods either revested or vested, as the case may be, in the plaintiff when the agreement was made.

The determination in *Terry* v. *Munger, supra*, also has no application whatsoever. That case decided merely .that where the plaintiff had the election to treat defendant's conduct either as a conversion or breach of contract, the election once made was conclusive. In the instant case there was no election. The transaction was complete, and without Goldin's consent nothing that plaintiff did could change it. It may be that upon plaintiff's failure to perform

his part of the bargain, if such failure were intentional or substantial, Goldin might have rescinded the rescission, but there is no suggestion that any such thing occurred.  As the goods became the property of the plaintiff on June 16, 1920, and were found in defendant's possession thereafter and defendant refused on demand to deliver them up to the rightful owner, the action was properly brought in conversion.

Respondent's brief urges that the verdict was set aside on the ground that it was against the weight of evidence and that the order so states.  In this counsel is in error.   The order *recites* that the motion was made on that ground *among many others*, as, for example, on the ground that the judgment was contrary to law.   Since the order does not state the ground upon which it was granted, the presumption is that it was granted on questions of law.   Rules of Civil Practice, rule 224, formerly General Rules of Practice, 31.   See *Clarke* v. *Acme Building Co.*, 143 App. Div. 269; *Read* v. *Levy*, 101 Misc. Rep. 547, 550.   The last clause of the third sentence of rule 3 of the General Rules of Practice, which permitted the opinion to be considered under these circumstances to ascertain the ground upon which the order was granted seems to have been omitted in the revision.   See Rules of Civil Practice, rules 71, 72, 73.   The same conclusion, however, would be reached if the opinion in the instant case were considered, since the opinion points out distinctly that the learned judge accepted the jury's conclusion on the questions of fact and is setting aside their verdict solely on the question of law hereinabove discussed.   Were it possible to entertain any doubts on that subject, the fact that the learned judge undertook to " dismiss the complaint " is a conclusive confirmation of that view.

Order and judgment reversed, with costs, and verdict reinstated.

Guy and Mullan, JJ., concur.

Order and judgment reversed.