Simon Bloom, Plaintiff, *v.* Nathan Wiener and Isidore Wiener, Copartners Doing Business under the Firm Name and Style of Wiener Bros., Defendants.

City Court of New York, Bronx County, February 13, 1930.

*David I. Michaelson,* for the plaintiff.

*Abraham Berman,* for the defendants.

Donnelly, J.   Plaintiff alleges in his complaint that he delivered to the defendants between July 19, 1929, and November 15, 1929, goods, wares and merchandise of the reasonable value of $3,178, which the defendants agreed to accept and sell for the account of plaintiff, as plaintiff's agent; that the defendants received the said merchandise, sold it for the account of the plaintiff and received the proceeds in a fiduciary capacity; that the defendants received at least $3,178 from the sale of said merchandise; that plaintiff

has duly demanded the said sum of $3,178 of the defendants, but that the defendants have failed and refused to return the said sum of $3,178, except that they have paid to plaintiff the sum of $230 and converted the sum of $2,948, which they received in a fiduciary capacity to their own use. In their answer the defendants deny the material allegations of the complaint, and for a separate defense they allege that the merchandise was sold and delivered by plaintiff to defendants on memorandum, and that subsequently and pursuant to an agreement between the parties the merchandise was to be deemed sold and delivered to the defendants, in consideration of which the defendants were to, and did, pay $230 on account and were to, and did, assign to plaintiff customers' accounts in the sum of $410.

At the time of each of the five deliveries to the defendants of the merchandise, there was a memorandum in writing signed by the defendants, which states the quantity of merchandise so delivered and its value, and the following: " The merchandise mentioned in this invoice is received in trust and shall be returned on demand to Simon Bloom. The undersigned has the right to sell same for the account of the said Simon Bloom for not less than the price stated herein. The intention being that the title to said property shall always remain in the said Simon Bloom until fully paid for. Consignee shall be responsible for any loss or damage through fire, burglary, negligence or otherwise. The acceptance of a check, note or draft shall not in any way take title away from the consignor, but said check, note or draft shall be deemed collateral security."

The plaintiff is a dealer in skins. The defendants buy skins and make coats out of them. The evidence discloses that the real understanding between the parties was that the defendants were to sell the manufactured product and give to plaintiff the money for it. This arrangement created no fiduciary relationship between plaintiff and defendants, which would be the situation if the defendants were commission merchants and had received the merchandise to sell for plaintiff. In such a case the defendants would not be free to deal with the property as their own. They would be bound to deal with it as that of their principal, and they could exercise no power or authority over the property except for the benefit of their principal and only as authorized by him. (*Britton* v. *Ferrin*, 171 N. Y. 235, 242.) In the instant case the plaintiff's sole witness, who is his daughter and in business with him, testified that plaintiff was not interested in how the defendants sold the goods. She knew that the plaintiff had had prior dealings with the defendants, and she was also acquainted with the fact that

the defendants are manufacturers and do not sell skins. The transaction is quite similar to that in *Herrmann Furniture & Plumbers' Cabinet Works* v. *Hyman* (28 Misc. 567) and in *Hartman* v. *Hicks* (Id. 527) and in *Sorge* v. *Napolitano* (166 N. Y. Supp. 779), in each of which cases it was held that failure to account for the proceeds of the sales made the defendant liable in an action on contract, but did not make him guilty of conversion. In the instant case the essential elements of conversion are lacking. Conversion is the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition, or the exclusion of the owner's rights. (*Hinkle Iron Co.* v. *Kohn*, 184 App. Div. 181.) In the instant case the identity of the merchandise delivered by plaintiff to defendants was changed by the latter in the process of its manufacture into coats and with full knowledge and assent on the part of plaintiff that such a change was made by defendants for the purpose of sale by them. To hold defendants liable for conversion, it would be necessary to find that they had exercised dominion or control over the merchandise consigned to them by plaintiff in hostility to his rights as owner (*Lopard* v. *Symons*, 85 N. Y. Supp. 1085), and such a finding is impossible on the evidence.

Although both defendants were present at the trial, only one of them, Nathan Wiener, testified. While Nathan Wiener was giving his testimony, Isidore Wiener, the other defendant, at the request of plaintiff's counsel, left the court room. Nathan Wiener testified that when each of the memoranda was signed, he gave the note of Wiener Brothers to Pearl Bloom, plaintiff's daughter, and he added that, " whenever I paid her by assigning an account or an account receivable, she gave me my note back." At the close of the case defendants' counsel stated that if he did not produce the notes on the date set for the submission of briefs, " it will be understood that they could not produce them." No further attempt to substantiate the giving of these notes was made by defendants. The claim that the notes were given has nothing but the testimony of Nathan Wiener to support it. His appearance, conduct and answers while on the witness stand were such as to stamp him as utterly unworthy of belief. It is equally impossible to accept this witness' testimony that the assignment given by defendants of their customers' accounts, and amounting to $410, was taken by plaintiff in payment of the merchandise. This assignment was received by plaintiff about November 19, 1929, and payable December 25, 1929. No money was ever received by plaintiff on this assignment. In less than three weeks after December 25, 1929, the Fordham Fur Shop, which was the account assigned, became insolvent.

The plaintiff's motion to conform the pleadings to the proof so as to show that the evidence establishes a cause of action in conversion is denied, with an exception to plaintiff. The defendants' motion to dismiss the complaint, is denied with an exception to defendants, but on the stipulation waiving a trial by jury and authorizing, as I take it, the court to direct a verdict for either party as the facts warrant, the verdict herein directed to be entered in favor of plaintiff and against the defendants is for $2,948, the amount found to be due and owing to plaintiff for goods sold and delivered (Civ. Prac. Act, § 479; *Paradies-Carroll Co., Inc.,* v. *Lyman,* 193 App. Div. 766), with interest thereon from November 15, 1929.

Ten days' stay of execution and thirty days to make and serve a case allowed.