THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID BATT, Defendant.*

Court of General Sessions of County of New York, August 12, 1937.

* Affd., without opinion, 253 App. Div. 718.

*William C. Dodge, District Attorney [Bernard Botein, Assistant District Attorney]*, for the plaintiff.

*Terrence J. McManus*, for the defendant.

DONNELLAN, J. This is a motion to dismiss two indictments charging the defendant with subornation of perjury (Penal Law, § 1632) upon the ground that the evidence given before the grand jury was insufficient as matter of law.

The one indictment charges that this defendant, the attorney for one Rocco Piteo in a civil action, feloniously and willfully did aid, abet and induce the said Piteo to testify falsely in the said action, and the other indictment charges the defendant with feloniously and willfully aiding, abetting and inducing a physician, Dr. Samuel Reich, who was a witness in the said civil action, to testify falsely.

The only testimony given before the grand jury which was material on the question of subornation was that of Rocco Piteo and Dr. Reich, and it is upon their testimony that each of these indictments is based. There was absolutely no corroboration of their testimony that the defendant induced them to give false testimony, and, therefore, the question arises as to whether or not their uncorroborated testimony is sufficient as matter of law to warrant the indictments.

Section 1620-a of the Penal Law defines perjury in the first degree, and subornation is defined by section 1632 of the Penal Law.

The People contend that Piteo and Reich were not accomplices of the defendant and, therefore, no corroboration of their testimony was necessary. The defendant, on the other hand, contends that they were accomplices and that, therefore, their testimony standing alone is insufficient as matter of law.

It is well settled that a conviction for perjury cannot be had upon the uncorroborated testimony of but one witness. (*People v. Stone*, [1884] 32 Hun, 41; *People v. Root*, [1904] 94 App. Div. 84; *People v. Doody*, [1902] 172 N. Y. 165.)

If oral evidence is relied upon, it is necessary to produce at least two witnesses, or one witness supported by corroborating and independent circumstances. (*People v. Henry*, [1921] 196 App. Div. 177.)

If it is necessary to produce at least two witnesses to prove that the testimony given was perjurious, or if it is necessary in cases where only one witness is produced to corroborate his testimony by other independent circumstances, by the same analogy it would

seem that the same rule should apply in prosecutions of those charged with inducing the giving of false testimony, namely, that not only should there be corroboration in the matter of proving the substantive perjury, but that the testimony of the perjurer should be corroborated by other and independent facts which would tend to connect the defendant with the commission of the crime.

The leading case on the subject in this State is *People* v. *Evans* ([1869] 40 N. Y. 1, 3), where it was held that the jury could not convict for subornation of perjury upon the uncorroborated testimony of a single witness — the admitted perjurer. This decision was rendered prior to the time when it was necessary to corroborate the testimony of an accomplice, and held in effect that the necessity for corroborating the testimony of the perjurer in prosecutions for subornation of perjury was an exception to the general rule. The question involved in these motions was raised directly on the appeal in the foregoing case. Upon the trial of the defendant for subornation counsel requested the court to charge that if the evidence of the perjurer were not corroborated, the jury could not convict upon the perjurer's unsupported testimony and the court declined so to charge. This was held to be error, and the conviction was reversed. Judge Mason, writing the opinion, states: " I am of opinion, that in the case at bar, the judge should have advised the jury, that if they found Near uncorroborated, they should acquit the defendant. There must be some exceptions to all general rules, and I would make this case an exception to the general rule, that a prisoner may be convicted on the uncorroborated testimony of an accomplice."

It will be noted that the decision in *People* v. *Evans (supra)* was in 1869, and that section 399 of the Code of Criminal Procedure, requiring corroboration of the testimony of an accomplice, did not become effective until 1882.

The case of *People* v. *Evans (supra)* was cited with approval in *Hammer* v. *United States* ([1926] 271 U. S. 620). In that case it was stated: " Here the sole reliance of the government is the unsupported testimony of one for whose character it cannot vouch,— a dishonest man guilty of perjury on one occasion or the other. There is no reason why the testimony of such a one should be permitted to have greater weight than that of a witness not so discredited. * * * To hold to the rule in perjury, and to deny its application in subornation cases, would lead to unreasonable results."

There are numerous decisions in other jurisdictions to the effect that one can be convicted of subornation of perjury on the testimony of the perjurer without corroboration, but in most of those States

there is no statute similar to our section 399 of the Code of Criminal Procedure. These decisions are based upon the old common-law rule that an accomplice's testimony does not need corroboration by independent evidence if it be believed by the jury. (See *State* v. *Renswick*, [1901] 85 Minn. 19; 88 N. W. 22.) The rule applied in these States can be found in 56 American Law Reports ([1928] p. 412).

The case of *People* v. *Evans* (*supra*) has been followed in *People* v. *Markan* (123 Misc. 689); *People* v. *Martin* (77 App. Div. 396; affd., 175 N. Y. 315); *People* v. *Barber* (118 Misc. 741). Under the decisions in this State, the testimony of the one suborned must be corroborated.

As there was no evidence given before the grand jury which corroborated the testimony of Piteo and Dr. Reich, the indictments in the case are based upon illegal and insufficient evidence as a matter of law, and must be dismissed. The motion to dismiss the indictments is granted.