THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SIDNEY GONDELMAN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DAVID LEBER, Respondent.— The defendants were charged by an indictment found by the grand jury of Kings county with the crime of subornation of perjury. After a motion for inspection of the minutes of the grand jury, which was granted, the defendants moved separately for a dismissal of the indictment on the ground that the indictment was found on the uncorroborated testimony of the person suborned. This fact was frankly conceded by the district attorney. The indictment was dismissed. Orders of the County Court of Kings county, dismissing the indictment on reargument, affirmed. The suborned witness was a principal in that he participated in and was concerned in the commission of the crime (Penal Law, § 2), and, therefore, an accomplice (Code Crim Proc. § 399). Whatever the rule may be in other jurisdictions, the established doctrine in this State is that a person may not be convicted of a crime on the uncorroborated evidence of an accomplice. (*People* v. *Batt*, 165 Misc. 540; affd., without opinion, 253 App. Div. 718 [1st Dept.]; *People* v. *Gilhooley*, 108 id. 234; affd., 187 N. Y. 551; *People* v. *Leibowitz* (Indictments Nos. 5375-A, 5375-B), 236 App. Div. 736; *People* v. *Hyde*, 156 id. 618; *People* v. *Kupperschmidt*, 237 N. Y. 463.) Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

JOHN J. RYER and MARION RYER, Respondents, v. SHEROAK REALTY CO., INC., Appellant.— Action by plaintiff Marian Ryer to recover damages for personal injuries caused by striking her head against an overhanging beam in a passageway in the basement of defendant's apartment house, and action by her husband for expenses and loss of services.. Judgment of the City Court of Mount Vernon in favor of plaintiffs and order denying motion to set aside the verdict and for a new trial reversed on the law and a new trial ordered, costs to appellant to abide the event. It was error to admit, over defendant's objection, the testimony that an electric light was present and the side walls of the passageway in the basement whitewashed; conditions that did not exist at the time of the accident. (*Cahill* v. *Kleinberg*, 233 N. Y. 255.) The photographic exhibits, in so far as they fairly represent the surrounding conditions at the time of the accident, are admissible. The changes in condition should not be shown. They are not evidence of negligence. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.

SARAH SCHWARTZ, Respondent, v. JOSEPH J. SCHWARTZ, Appellant.— Order in a separation action, directing defendant to pay twenty-five dollars for calendar and trial fees and twenty dollars a week for the support of his wife and daughter, affirmed, with ten dollars costs and disbursements. While it is true that the jurisdiction of the court is challenged because of plaintiff's non-residence, nevertheless this is a question which may not be determined on affidavits in advance of the trial but should be reserved for the trial. (*Barber* v. *Barber*, 137 App. Div. 665; *Wade* v. *Wade*, 173 id. 928; *Kiamie* v. *Kiamie*, 251 id. 724.) Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.