THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARCUS SIEGEL, Appellant.— Appeal by defendant from a judgment of the County Court of Kings County, convicting him of the crimes of subornation of perjury in the

first degree and violation of section 487-a of the Penal Law (receipt of compensation for placing out children), and sentencing him to an indeterminate term in the penitentiary on each charge, the terms to run concurrently. He also appeals from two orders which respectively denied his motion to inspect the Grand Jury minutes and disallowed his demurrer to the indictment. Judgment reversed on the law and the facts, the nineteenth count of the indictment (violation of section 487-a of the Penal Law) dismissed, and new trial ordered as to the first count (subornation of perjury). The jury were instructed by the trial court that the testimony of the natural mothers of the children and the People's Exhibit 1 (the papers containing questions and answers which the adopting father, Lipson, testified had been given him by defendant, with instructions to follow them when testifying in the adoption proceeding) were not to be considered as corroborating evidence. The charge was correct so far as the exhibit was concerned, for there was no evidence connecting the exhibit to defendant, independent of the testimony of Lipson, who was an accomplice as a matter of law. However, it was erroneous so far as the testimony of the natural mothers was concerned. Whether the natural mothers were accomplices was a question of fact, to be determined by the jury on the basis of all the evidence adduced. However, the court's instruction became the law of the case and there was no other evidence adduced which tended to connect defendant with the commission of the alleged subornation. (Code Crim. Pro., § 399.) The County Court of Kings County did not have jurisdiction to try defendant on the nineteenth count. The record is devoid of any proof showing that the crime alleged therein had its inception or its execution in Kings County. No separate appeal lies from the orders which have been reviewed upon the appeal from the judgment. We find no error in such orders. (See Code Crim. Pro., § 517.) Nolan, P. J., Carswell, Wenzel, Schmidt and Beldock, JJ., concur.