■ The People of the State of New York, Appellant, v. Irving Cohen, Respondent.— Appeal by the People from so much of an order of the County Court, Nassau County, dated July 5, 1961, as, upon defendant's motion, dismissed counts 1 to 9 inclusive and counts 12 and 13 of a 13-count indictment. Order modified on the law as follows: (1) by striking out the second decretal paragraph; (2) by adding a paragraph granting defendant's motion to the extent of dismissing counts 2, 3, 4 and 6 only; and (3) by adding another paragraph denying defendant's motion as to counts 1, 5, 7, 8, 9, 12 and 13. As so modified, order, insofar as appealed from, affirmed. The indictment charged defendant with the crimes of perjury in the first degree (count 1); subornation of perjury in the first degree (counts 2 to 9 inclusive); grand larceny in the first degree (counts 10 and 11); and violation of section 487-a of the Penal Law, in that defendant received and paid compensation for placing out a child (counts 12 and 13). The charges arose out of certain alleged irregularities in connection with the placing out of a child for adoption and the adoption of said child, in a proceeding in which the defendant, an attorney, represented the adopting parents. Upon defendant's motion, 11 of the 13 counts were dismissed on the theory that there was insufficient evidence as a matter of law to corroborate the testimony of accomplices before the Grand Jury. In our opinion, as to the 7 counts: 1, 5, 7, 8, 9, 12 and 13, the evidence was such as to authorize the Grand

Jury, in its judgment, to find that there was sufficient corroboration and evidence to justify the indictment (cf. *People* v. *Eckert*, 2 N Y 2d 126; *People* v. *Carter*, 4 A D 2d 879). The evidence was such as to authorize the Grand Jury, in its judgment, to find as follows: (1) With respect to count 1, that the April 18, 1960 check to defendant and the April 19, 1960 Western Union receipt were sufficient independent corroboration of the testimony of Mr. and Mrs. De Matteo (the natural mother and the man whom she married after the birth of her child) and of Mr. and Mrs. Goldstein (the adopting parents). (2) With respect to count 5, that said Western Union receipt and defendant's signature as a witness on the adoption agreement were sufficient independent corroboration of the testimony of the natural mother. (3) With respect to count 7, that the defendant's signature as a witness on the adoption agreement constituted an admission that he was with the natural mother in Miami when she signed the false affidavit and allegedly received $300 from him, and that said admission was sufficient independent corroboration of the testimony of the natural mother. (4) With respect to counts 8 and 9, that the $500 check, dated April 18, 1960, the said Western Union receipt, six other checks totaling $2,500, defendant's notarization of the affidavit of the adopting parents, and Surrogate Bennett's testimony, were sufficient independent corroboration of the testimony of the adopting parents. (5) With respect to count 12, that the said checks and Western Union receipt were sufficient independent corroboration of the testimony of the adopting parents and Mr. and Mrs. De Matteo. (6) With respect to count 13, that the said checks and Western Union receipt and defendant's signature as a witness on the adoption agreement signed by the natural mother in Florida, were sufficient independent corroboration of the testimony of the adopting parents and of Mr. and Mrs. De Matteo. In our opinion, counts 2, 3, 4 and 6 were properly dismissed. As to counts 2, 3 and 4, the Grand Jury determined that the witness, Doctor Schoenfeld, committed perjury since it found that the defendant suborned the doctor's perjury. Therefore, the doctor was an accomplice and his testimony required corroboration. However, there was no independent corroboration of the doctor's testimony. As to count 6, since the Grand Jury had determined that said doctor had committed perjury and was therefore an accomplice, his testimony did not constitute corroboration of the testimony of the natural mother. Christ, Brennan and Rabin, JJ., concur; Beldock, P. J., and Kleinfeld, J., concur with respect to the denial of the motion to dismiss the 7 counts: 1, 5, 7, 8, 9, 12 and 13; but dissent as to the granting of the motion to dismiss the 4 counts: 2, 3, 4 and 6 and vote to further modify the order by also denying the motion to dismiss the said 4 counts, with the following memorandum: Counts 2, 3 and 4 charged subornation of perjury as to Doctor Schoenfeld. In our opinion, the doctor cannot be held, as a matter of law, to be an accomplice of the defendant in view of the doctor's testimony before the Grand Jury that he did not know that false statements were in his affidavit when he signed it, and that he would not have signed it had he known those statements were in it. Such testimony raises an issue of fact as to whether the doctor committed the crime of perjury. If he did not, he could not be an accomplice; if he did, he would be an accomplice. That question of fact should be left to the trial jury for determination (*People* v. *Siegel*, 282 App. Div. 747; cf. *People* v. *Rossi*, 11 N Y 2d 379). If the trial jury were to find that the doctor did not commit perjury, the defendant could not be found guilty of suborning him, but the trial jury nevertheless could find the defendant guilty of an attempt to suborn the doctor under counts 2, 3 and 4 (see Penal Law, §§ 2, 610). In this respect, *People* v. *Teal* (196 N. Y. 372) is distinguishable. There, success in the attempt would have resulted in a false swearing that was not material and thus not the crime of perjury, while in the case at bar success

in getting the doctor *knowingly* to make his false affidavit would have resulted in a false swearing that was material and thus perjurious. If the trial jury were to find that the doctor did not commit perjury, then, as previously noted, he could not be an accomplice of the defendant. In that case, the doctor's testimony as to counts 2, 3 and 4 would not need corroboration, and his testimony could corroborate the testimony of the natural mother, Barbara Fudge De Matteo, with respect to count 5. We also believe that there are questions of fact for the trial jury: (a) as to whether the lawyer, Calvin Breit, was an accomplice; and (b) as to whether his testimony was sufficient to meet the legal requirements for corroborative testimony with respect to counts 2, 3 and 4 (*People* v. *Siegel, supra; People* v. *Mayhew,* 150 N. Y. 346, 353; cf. *People* v. *Rossi, supra*). Of course, if the trial jury were to find that Breit was an accomplice, it would not have to determine the question whether his testimony was sufficient to constitute corroboration, since the testimony of one accomplice cannot be used to corroborate that of another accomplice. Only if the jury found he was *not* an accomplice, would it consider and determine the question whether his testimony was sufficient to constitute corroboration. With respect to count 6, the testimony of the natural mother could be corroborated by Doctor Schoenfeld if the trial jury were to find that he did not commit perjury and consequently was not an accomplice.