■ In the Matter of STERLING CHEEK, Appellant, v CHUBB & SON, INC., Respondent.—Appeal by petitioner from an order of the Supreme Court, Queens County, dated December 5, 1978, which granted respondent's motion for reargument of a motion to vacate an arbitrator's award on the ground of bias and, upon reargument, reinstated the arbitrator's award. Order affirmed, with $50 costs and disbursements. The alleged bias of the arbitrator arose from a statement which, if made, occurred at the conclusion of the hearing. Petitioner waited until 11 days after the award was made and more than a month after the hearing to make the claim of bias on the part of the arbitrator. "Having such knowledge and not having objected [he] waived the right to do so after the rendition of the award" (see *Matter of Cross Props. [Gimbel Bros.]*, 15 AD2d 913; see, also, *Matter of Stevens & Co. [Rytex Corp.]*, 34 NY2d 123). Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ANDERSON, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Westchester County, both rendered December 14, 1977, convicting him of burglary in the third degree and criminal possession of stolen property in the second degree, respectively, upon his pleas of guilty, and imposing sentences. Judgments affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631). Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL BERGER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 21, 1978, convicting him of criminal solicitation in the second degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The facts have been considered and are determined to have been established. Appellant was convicted of criminal solicitation in the second degree. The object crime of his solicitation was perjury in the second degree. His conviction was based solely on the uncorroborated testimony of his solicitee, who perjured herself before the Grand Jury. Although the crime of solicitation, in general, requires no corroboration of testimony (see *People v Lubow*, 29 NY2d 58), where the crime solicited is perjury and the sole testimony against the defendant is that of the solicitee/perjurer, corroboration is required. Under the former Penal Law, the suborner and subornee of perjury were, as a matter of law, accomplices *(People v Evans, 40 NY 1; People v Gondelman,* 253 App Div 924; *People v Cohen,* 20 AD2d 801). There is no reason to find a change in this relationship under our present Penal Law. It is clear under CPL 60.22 (subd 1) that a defendant may not be convicted of any offense upon the uncorroborated testimony of an accomplice. Such was the case at bar and, thus, the conviction must be reversed, and the indictment dismissed. Titone, J. P., Suozzi, O'Connor and Shapiro, JJ., concur.