Jasen, J.
(dissenting). The majority today holds that a criminal defendant may not be convicted of the crime of criminal solicitation solely upon the testimony of the solicitee where, as here, the crime solicited or “object crime” is actually committed by the solicitee. In so holding the majority has imposed a corroboration requirement not mandated by statute or the prior decisions of this court and has, in effect, overruled the decision of this court in People v Lubow (29 NY2d 58). In my view, the imposition of such a requirement is unnecessary and contrary to the intention of the Legislature. I therefore respectfully dissent and cast my vote to reverse.
In 1976 defendant Raphael Berger was indicted by a *222 Kings County Grand Jury and charged with three counts of grand larcency in the second degree (Penal Law, § 155.35) and one count of criminal solicitation in the second degree (former Penal Law, § 100.05).* The larceny charges arose out of a scheme whereby defendant allegedly requested others to submit loan applications containing false information to Chemical Bank to induce the bank to make loans to these individuals which would never be repaid and the proceeds of which would end up in defendant’s hands. The criminal solicitation charge was premised upon defendant’s solicitation of Vivian Gambino, one of the loan applicants, to commit perjury before a Grand Jury investigating the allegedly larcenous scheme.
At a trial before the court, defendant was acquitted of all larceny charges because, in the opinion of the court, the prosecution failed to show that the bank would not have made the loans in issue but for defendant’s alleged wrongdoing. He was, however, found guilty of criminal solicitation in the second degree. In its oral decision, the court noted that this conviction was premised solely upon the uncorroborated testimony of Mrs. Gambino that she lied before the Grand Jury at defendant’s request. The court held as a matter of law, however, that no corroboration of her testimony was required.
On appeal, the Appellate Division, Second Department, reversed defendant’s conviction and dismissed the indictment against him. The court held that while corroboration is, in general, not required to support a conviction of criminal solicitation, such corroboration is required where the crime solicited or the “object crime” is perjury and the conviction rests solely upon the testimony of the perjurer. The court noted that under prior law the suborner and subornee of the perjury were accomplices as a matter of law and concluded that the same accomplice relationship exists between solicitor and solicitee when the crime solicited is *223 perjury. Having found defendant and Mrs. Gambino to be accomplices, the court reversed defendant’s conviction upon the ground that it was based solely upon the uncorroborated testimony of his “accomplice”. (CPL 60.22, subd 1.)
A majority of this court would affirm the disposition below. While on the one hand professing that it has declined the invitation to engraft judicially a corroboration requirement onto the provisions of the Penal Law proscribing criminal solicitation, the majority has on the other hand undertaken to achieve precisely the same result through what I believe to be an overly broad interpretation of the “accomplice corroboration rule” set forth in CPL 60.22. This sort of judicial sleight of hand, in my view, is unwarranted, for it matters little under which shell the majority finally brings the pea to rest, if the result of the shuffle is a rule not intended by the Legislature.
The statute defining criminal solicitation does not on its face require corroboration of the testimony of the solicitee as a prerequisite for conviction. (See Penal Law, § 100.00 et seq.) Moreover, as the majority candidly concedes, this court has, on a prior occasion, expressly refused to read such a corroboration requirement into the statute. (People v Lubow, 29 NY2d 58, supra.) I would not retreat from our holding in Lubow by premising a corroboration requirement upon the notion that the solicitor and solicitee are accomplices as a matter of law. In my opinion there is no basis upon which to find the solicitor and solicitee to be accomplices.
First, it should be noted that the court below erred in finding that defendant and Mrs. Gambino were accomplices simply because the crime solicited was perjury. While it is true that under prior law the suborner and subornee of perjury were accomplices of each other (see, e.g., People v Evans, 40 NY 1), the inherent differences between the crimes of subornation of perjury (former Penal Law, §§ 1632, 1632-a) and criminal solicitation (Penal Law, § 100.00 et seq.) require a holding that no such relationship exists between the solicitor and solicitee of perjury. The crime of subornation of perjury was not complete until the suborned perjury in fact occurred (see, e.g., People v Teal, *224 196 NY 372, 376). Thus, since the suborner’s crime could not even be committed without the aid and assistance of the subornee, the two were necessarily viewed as each other’s accomplices.
The crime of criminal solicitation, on the other hand, is complete at the point when the request that the solicitee commit the crime leaves the solicitor’s mouth. (People v Lubow, 29 NY2d 58, supra.) The crime of solicitation has been committed long before the solicited perjury occurs. No action or overt act on the part of the solicitee is required to perfect the solicitor’s crime. Obviously, if the solicitor’s request goes unheeded, the solicitee could in no way be considered to be his accomplice and the solicitor can, therefore, be convicted upon the uncorroborated testimony of the solicitee. This being so, it is difficult to understand how the solicitee’s complicity in the solicitor’s crime can later expand because at some point, after the solicitor’s request has become known to him, he decides to carry that request to fruition. The solicitor’s crime was complete before the solicitee decided to act. Therefore, the solicitee’s subsequent independent choice to act can have no effect whatever on the solicitor’s crime of criminal solicitation. Hence, the solicitee is not the solicitor’s accomplice.
This is not to say that where the object of the solicitation does occur the solicitee has committed no crime. Indeed, he has committed the so-called “object crime”. Furthermore, the solicitor is accessorially responsible for this object crime as well. (Penal Law, § 20.00.) However, while the solicitor is accessorially responsible for the object crime, it does not follow that the solicitee is the solicitor’s accomplice in the crime of solicitation since the solicitor’s crime was committed in its entirety before the solicitee testified or agreed to testify falsely before the Grand Jury. That the solicitee later saw fit to commit a crime himself, while it may well effect his credibility, does not make him the solicitor’s accomplice in committing the crime of solicitation.
Nor do I believe that GPL 60.22, the statutory “accomplice corroboration rule”, provides an adequate basis for finding defendant and Mrs. Gambino to be accomplices as to the crime of criminal solicitation. That statute defines *225 the term accomplice as “a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” In this case, it is abundantly clear that Mrs. Gambino could not, as noted earlier, have in any way participated in the offense charged (i.e., criminal solicitation) because that offense was complete upon the defendant’s solicitation of Mrs. Gambino to commit the' crime of perjury. The question, then, is whether the evidence adduced at trial shows Mrs. Gambino to have participated in an offense based upon “some of the same facts or conduct which constitute the offense charged.” (GPL 60.22, subd 2.)
The majority posits that Mrs. Gambino, by responding to defendant’s request that she commit perjury, became chargeable with the crime of conspiracy (Penal Law, § 105.00 et seq.) and, thus, may reasonably be considered to have participated in a crime based on some of the same facts or conduct which constitute the offense of criminal solicitation. While I agree that both the defendant and Mrs. Gambino might well be criminally liable for conspiracy, a crime the defendant was not charged with, I would not read GPL 60.22 so broadly as to use that potential liability as a basis for finding Mrs. Gambino to be defendant’s accomplice to the crime of criminal solicitation as a matter of law.
First, while one of the purposes of GPL 60.22 was to broaden the definition of the term “accomplice” (see, e.g., People v Beaudet, 32 NY2d 371, 378), it is also true that the term remains limited to those who are “in some way criminally implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, GPL 60.22, pp 194-195.) Here, Mrs. Gambino is not criminally implicated in or subject to prosecution for the general conduct or factual transaction on trial. The only conduct or factual transaction in issue is defendant’s criminal solicitation — nothing more. Mrs. Gambino is not criminally implicated in that solicitation and, in fact, had *226 nothing whatever to do with it. It was a totally separate crime committed solely by the defendant which was complete before Mrs. Gambino did or agreed to do anything. This court has recognized that insofar as CPL 60.22 is concerned, where two crimes are totally separate, although factually related in a literal sense, the commission of the latter does not necessarily make a witness the accomplice of the person who committed the earlier crime. (Cf. People v Brooks, 34 NY2d 475.) Any crime which Mrs. Gambino may have committed was totally separate from and was committed after the defendant’s crime. Hence, she was not criminally implicated in the factual transaction on trial and was not defendant’s accomplice as to the criminal solicitation even under the broader definition set forth in CPL 60.22.
I also disagree with the broad interpretation which the majority gives CPL 60.22 because the result of such an interpretation is the tacit overruling of our decision in People v Lubow (29 NY2d 58, supra) . In the Lubow case, we held that corroboration of a solicitee’s testimony was not required to convict a solicitor of the crime of criminal solicitation. We made no distinction between those cases where the solicitee actually commits the solicited or “object” crime and those in which he does not. We made no such distinction in Lubow because we appropriately recognized that any subsequent activity after the solicitation occurs is irrelevant to the issue of whether criminal solicitation has been committed. Nowhere in the opinion is there the slightest hint that the applicability of the corroboration rule set forth in the case is in any way affected by the subsequent acts of the solicitee. Today, however, the majority has limited Lubow to only those cases where the solicitee fails to commit the “object crime”. By doing so, the court is tacitly overruling the Lubow case, at least insofar as it applies to situations such as the one at bar where the solicitee later decides to committ a separate crime.
Such a change in the law is not required by the language of CPL 60.22. Indeed, that statute was enacted before the Lubow case was decided. Therefore, to argue that the Legislature intended to overrule Lubow by enacting-CPL 60.22 is unconvincing at best.
*227 It is also significant that the Legislature failed to include a corroboration requirement in the statute proscribing solicitation. The Legislature, in enacting the criminal solicitation provisions of the Penal Law, followed the example of the Model Penal Code which does not require corroboration, apparently believing, as did the drafters of the code, that the risk of false accusation implicit in the punishment of “inchoate” crimes was counterbalanced by the need to protect society from the act of criminal solicitation. (See Model Penal Code [Tent Draft No. 10], §5.02, Comment, p 83.) If the Legislature had taken the view that corroboration was necessary to prevent injustice in the application of the statute, it could easily have included language in the solicitation statute specifically requiring corroboration, as it has done in the case of criminal facilitation, another inchoate crime (see Penal Law, § 115.15) and as other States have-done in drafting their own solicitation statutes (see Cal Penal Code, § 653f). In our view, the Legislature’s failure to include a corroboration requirement in the statutory provisions defining criminal solicitation while expressly providing for such a requirement for the crime of criminal facilitation bespeaks a clear legislative determination that corroboration of the solicitee’s testimony need not be required to support a conviction of criminal solicitation. This being so, it is inappropriate for this court to judicially create such a requirement in the face of the statute’s silence on the matter, for to do so subverts the clear intention of the Legislature.
In sum, it seems to me that the majority’s decision to require corroboration in criminal solicitation cases where the solicitee commits the “object crime” is in clear conflict with a prior decision of this court and is contrary to the intention of the Legislature. Accordingly, I dissent and cast my vote to reverse.
Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur with Chief Judge Cooke; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed.

 The Penal Law has since been amended to make criminal solicitation a more serious crime when the solicitee is a person under 16 years of age. (See Penal Law, § 100.05, subd 2; §§ 100.08, 100.13.) In this revision, the former second degree crime of which defendant was convicted becomes criminal solicitation in the fourth degree without change in penalty or substance. (Penal Law, § 100.05, subd 1.)